MOLLET, Respondent, v. DEPARTMENT OF TRANSPORTATION (Division of Motor Vehicles), Appellant.

No. 431. Argued March 4, 1975.—Decided April 10, 1975.
(Also reported in 227 N. W. 2d 663.)

For the appellant the cause was argued by *Albert Harriman*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

For the respondent there was a brief by *Jury, Nelson & Bayorgeon* of Appleton, and oral argument by *James A. Bayorgeon*.

HEFFERNAN, J. James A. Mollet was convicted on January 31, 1973, in the county court of Winnebago county of operating a motor vehicle while under the influence of an intoxicant. The trial judge invoked the

provisions of sec. 345.60 (1), Stats.,[1] and directed Mollet to attend a "Group Dynamics Traffic School."

He was again convicted of drunken driving in the county court of Manitowoc county on September 18, 1973, and his license revoked for one year.

On October 19, 1973, Mollet petitioned Judge SCHAEFER of Outagamie county for an order directing the Wisconsin Division of Motor Vehicles to issue an occupational driver's license.

The division refused to issue that occupational license on the ground that Mollet had, twice within eighteen months, been convicted of an offense requiring the revocation or suspension of an operator's license, as set forth in sec. 343.10 (1), Stats.[2]

Mollet then petitioned the circuit court for Outagamie county for a review of the order denying the issuance

---

[1] Sec. 345.60 (1), Stats., provides:

"345.60 **Penalty of compulsory safety school attendance.** (1) In addition to or in lieu of other penalties provided by law for violation of chs. 346 to 348, the trial court may in its judgment of conviction order the convicted person to attend, for a certain number of school days, a traffic safety school whose course and mode of instruction is approved by the administrator of the division of motor vehicles and which is conducted by the police department of the municipality, the sheriff's office of the county or by any regularly established safety organization."

[2] Sec. 343.10 (1), Stats., provides in part:

"343.10 **Occupational licenses.** (1) . . . If a person has had his license revoked under s. 343.30 (1q) or 343.31 (1) (b), (c), (d) or (e) and if such person is engaged in an occupation or trade making it essential that he operate a motor vehicle, he may after complying with sub. (2) file with a judge of a court of record or of a municipal justice court in the county of residence a verified petition setting forth in detail his need for operating a motor vehicle. Thereupon, if the petitioner has not been convicted of *any offense requiring the revocation or suspension of his license* or resulting in an order revoking or suspending his license within the 18-month period immediately preceding the present conviction, the judge *may* order the administrator to issue an occupational license to such person." (Emphasis supplied.)

of the occupational license. The circuit court reversed the order of the Division of Motor Vehicles and entered judgment directing the issuance of an occupational license to Mollet.

The attorney general argues that the license cannot be issued because Mollet was convicted for a second time within eighteen months of the offense of drunken driving and, therefore, within eighteen months was twice convicted of the type of offense requiring revocation because sec. 343.30 (1q), Stats.,[3] provides for revocation of the operator's license upon the first conviction of drunken driving. The attorney general argues that the mere fact that the trial judge upon the first conviction chose not to proceed with the revocation and instead ordered a traffic school does not change the nature of the offense to one "not . . . requiring [a] revocation or suspension."

The respondent, on the other hand, argues that, since the judge under sec. 345.60 (1), Stats. 1971, was not compelled to revoke or suspend the license upon the initial conviction, the conviction of January 31, 1973, was not one "requiring [a] revocation or suspension."

We conclude that conviction under sec. 346.63 (1) (a), Stats.,[4] or an ordinance passed in conformity therewith,

---

[3] Sec. 343.30 (1q), Stats., provides:

"(1q) A court shall revoke the operating privilege of a person for a period of not less than 90 days nor more than 6 months upon such person's first conviction for violating s. 346.63 (1) (a) or a local ordinance which is in conformity therewith except that the court shall revoke the operating privilege of a person who refuses to take a test under s. 343.305 for a period of not less than one year upon such person's first conviction for violating s. 346.63 (1) (a) or a local ordinance which is in conformity therewith."

[4] Sec. 346.63 (1) (a), Stats., provides:

"346.63 Operating under influence of intoxicant. (1) It is unlawful for any of the following to drive or operate a motor vehicle:

"(a) A person who is under the influence of an intoxicant or controlled substance."

requires, under sec. 343.30 (1q), the revocation of operating privileges for a period of at least ninety days, and that such revocation is mandatory. The option granted under sec. 345.60 to trial judges to send a violator to a traffic school in lieu of other penalties is not applicable. A first conviction under sec. 346.63 (1) (a) requires that the offender's license be revoked. No other option is available.

The attorney general's opinion (60 Op. Atty. Gen. (1971), 261), which advised traffic authorities and judges that the provisions of sec. 345.16, Stats. 1969 (now renumbered sec. 345.60), were applicable to drunken driving is incorrect and is contrary to the plain legislative intent.

We conclude, therefore, that the judgment of the circuit court must be reversed and the order of the Division of Motor Vehicles denying the occupational license is therefore reinstated.

Although the assistant attorney general arguing the case conceded some doubt in respect to the underlying rationale of the Division of Motor Vehicles' conclusion that a trial judge had the option of ordering the traffic school attendance, neither party challenged the validity of applying the option of sec. 345.60 (1), Stats., to sec. 343.30 (1q) to avoid the license revocation requirement for first offenses of drunken driving. We conclude that sec. 345.60 (1), however, does not apply to penalties imposed under sec. 343.30 (1q), but rather sec. 345.60 (1) applies only to those penalties authorized by sections of chs. 346 to 348.

There was no confusion in respect to the relationship of sec. 345.60 (1), Stats., to the revocation of licenses for drunken driving prior to the passage of the Implied Consent Law, ch. 383 of the Laws of 1969. Sec. 3 of ch. 383 of the Laws of 1969 created sec. 343.30 (1q),

which gave the *courts* the authority to revoke a license for ninety days to six months upon the first conviction for drunken driving. Prior to the passage of that law, the *motor vehicle commissioner* was required to revoke the driver's license for one year upon the first and subsequent convictions of operating a motor vehicle while under the influence of intoxicating liquor. This was pursuant to sec. 343.31 (1) (b) and (3), Stats. 1967.[5] The revocation was mandatory and not affected by sec. 345.60 (1) (numbered 345.16 (1) in Stats. 1967), because sec. 345.60 (1) permits trial courts only, and not the commissioner, to order traffic school attendance. Because the license was revoked by the commissioner, the trial court did not have an opportunity to order traffic school attendance in lieu of license revocation.

The application of sec. 345.60 (1), Stats., was also clear prior to 1957, when the new vehicle code was enacted by ch. 260 of the Laws of 1957. Prior to 1957 the motor vehicle laws were contained in ch. 85. Sec. 345.60 (1) was numbered sec. 85.915 in Stats. 1955.[6]

---

[5] Sec. 343.31 (1) (b) and (3), Stats. 1967, provided:

"343.31 **Mandatory revocation of. licenses after certain convictions.** (1) The commissioner shall forthwith revoke a person's operating privilege upon receiving a record of conviction showing that such person has been convicted of any of the following offenses under a state law or under a local ordinance which is in conformity therewith, except that if a person licensed as a chauffeur was convicted for operation of a motor vehicle while under the influence of intoxicating liquor and such person was not operating a vehicle as a chauffeur at the time of such offense, only his regular license shall be revoked as provided in this section but his chauffeur's license shall be suspended for 15 days:

"(b) Operation of a motor vehicle while under the influence of an intoxicating liquor or a narcotic or dangerous drug.

"(3) All revocations under this section shall be for a period of one year."

[6] Sec. 85.915, Stats. 1955, provided:

"85.915 **Penalty of compulsory safety school attendance.** In addition to, or in lieu of, the penalties provided by s. 85.91, the trial

Sec. 85.915, Stats. 1955, provided that the trial court could order traffic school attendance in lieu of the penalties provided by sec. 85.91, the general penalty statute, setting out penalties for violations of all the sections which did not specifically provide separate penalties. The penalty for drunken driving was not covered by sec. 85.91, but rather was covered by the section prohibiting drunken driving, sec. 85.13, Stats. 1955,[7] and sec. 85.08 (25) (b), Stats. 1955.[8] Sec. 85.13 (3) provided for fine and imprisonment, and sec. 85.08 (25) (b) required the revocation of the driver's license upon conviction of drunken driving. Because the

court may in its judgment of conviction order the person convicted to attend, for a certain number of school days, a traffic safety school, whose course and mode of instruction is approved by the commissioner of the motor vehicle department, conducted by the police department of the municipality, the sheriff's office of the county or by any regularly established safety organization."

[7] Sec. 85.13 (1) (a) and (3), Stats. 1955, provided:

"85.13 **Intoxicated persons or users of drugs prohibited from operating vehicles.** (1) It is unlawful for any of the following to operate a motor vehicle upon any highway of this state:

"(a) A person who is under the influence of an intoxicating liquor or a dangerous or narcotic drug;

"(3) Any person violating any of the provisions of this section may, upon the first conviction, be fined not more than $200 or imprisoned not more than 6 months or both. Upon the second or each subsequent conviction within 5 years thereafter, such person shall be imprisoned not less than 5 days nor more than one year and in addition may be fined not more than $200."

[8] Sec. 85.08 (25) (b), Stats. 1955, provided:

"(25) MANDATORY REVOCATION OF LICENSE. Whenever an operator is convicted under a state law or under a county, city or village ordinance which is in conformity to the state law (except that such ordinance need not impose imprisonment to so conform), the commissioner shall forthwith revoke the operator's license upon receiving the record of such operator's conviction of any of the following offenses when such conviction has become final:

"(b) Operation of a motor vehicle while under the influence of intoxicating liquor or a narcotic or dangerous drug."

penalties for drunken driving were not provided in sec. 85.91, Stats. 1955, the trial court, under sec. 85.915, Stats. 1955, could not order traffic school attendance in lieu of them.

When the vehicle code was enacted in 1957, the penalties were not included in one section, as they were in 1955. The penalty sections were spread throughout chs. 346 to 348. Sec. 345.16 (1) (as sec. 345.60 (1) was numbered then) provided that the trial court could order traffic school attendance "in lieu of other penalties provided by law for violation of chs. 346 to 348." A note in ch. 260 of the Laws of 1957 as that law was introduced by the legislative council stated that sub. (1) of sec. 345.16 was a restatement of sec. 85.915. *See* 39A Wis. Stats. Annot. 419, 1971.

In light of this history, sec. 345.16 (1), Stats. (now numbered sec. 345.60 (1)), applied only to the penalties set out in chs. 346 to 348 for the violation of the sections in those chapters. This is consistent with the application of sec. 85.915, Stats. 1955, of which sec. 345.60 (1) was intended to be a restatement. This means that penalties established in ch. 343 for violations of chs. 346 to 348 cannot be replaced by traffic school attendance under sec. 345.60 (1).

When the legislature in the Implied Consent Law, ch. 383 of the Laws of 1969, directed the trial court to exercise the authority to revoke the driver's license upon the first offense of drunken driving, the legislature did not authorize that the trial court apply sec. 345.60 (1) to order traffic school attendance in lieu of revocation. Under sec. 343.30 (1q), as created by the Implied Consent Law, the trial court was given discretion in respect to the length of revocation for the first conviction for drunken driving—ninety days to six months. Thus, the maximum period of revocation was shortened. The legislature intended, however, that the license be revoked.

It should also be noted, moreover, that the entire tenor of the Implied Consent Law was to make more vigorous the sanctions against drunken driving.

Further evidence of the legislative intent that revocation is required under sec. 343.30 (1q), Stats., is revealed in the language used. That section provides that the trial court "shall" revoke the license. The penalty sections in chs. 346 to 348, to which sec. 345.60 (1) supplies traffic school attendance as an alternative, provide that the various enumerated penalties "may" be imposed. Had the legislature intended that revocation under sec. 343.30 (1q) could be replaced by traffic school attendance under sec. 345.60 (1), the legislature would have used permissive rather than mandatory language.

In summary, then, in view of the legislative history of sec. 345.60 (1), Stats., the legislative history of the license revocation statutes, and the use of the words "shall" and "may," it is clear sec. 345.60 (1) cannot be used by the trial court to require traffic school attendance in lieu of license revocation under sec. 343.30 (1q) for a first conviction for drunken driving. A first conviction for drunken driving is an offense which requires the revocation of the driver's license. Because Mollet was convicted of such an offense within eighteen months of the September 18, 1973, conviction for drunken driving, the county judge was without jurisdiction to order the issuance of the occupational license. The Division of Motor Vehicles was correct in refusing to issue the occupational license as ordered by the county judge, and the circuit court judgment must be reversed.

The assistant attorney general who argued and briefed this case has advised us that trial judges have been ordering traffic school attendance at least since June 30, 1971, when an opinion of the attorney general advised trial judges that such option was permitted. It is apparent, therefore, that for over three and one-half

years numerous persons convicted of drunken driving have been given an option which the legislature did not provide. We conclude, however, that all such option orders prior to May 1, 1975, be considered finalized, are res judicata, and preclude a license revocation for the original conviction. They are, however, convictions for "offenses requiring revocation," and in the event of a second conviction within an eighteen-month period, an occupational license may not be issued.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.