WILLIAM A. HUPY, District Attorney Marinette County
You have requested my opinion on the following four questions:
 (1) When a person is charged under Section 346.63 (1) as a second offense and the charge is later reduced to a violation of Section 346.63 (1) as a first offense, and in fact the person was previously convicted of such offense within a five year period, does the court have discretion to sentence him under Section 346.65 (2)(a) 1?
 (2) In the same situation as above, is it mandatory that the department treat this as a second offense for purposes of revocation under Section 343.31 (1)(b)?
 (3) In the event your answer to number two is yes, can the court in its discretion, treat it as a first offense and prevent the department from revoking under Section 343.31 (1)(b)?
 (4) In the event the defendant proceeds to trial for a violation of Section 346.63 (1) as a first offense and was previously convicted under the same section within five years:
A. What is the burden of proof?
 B. Does the 5/6's rule prevail, or must the jury return a unanimous verdict?
The penalty for drunk driving is set forth in sec. 346.65(2) (a)1. and 2., Stats., as follows:
 1. Shall forfeit not less than $100 nor more than $500, except as provided in subd. 2 or 3.
 2. Shall be fined not less than $250 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63 (1) or local ordinances in conformity therewith equals 2 within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions. *Page 49 
Your first question assumes that a district attorney has the authority to reduce a charge of sec. 346.63(1), Stats., as a second offense to a violation of sec. 346.63(1), Stats., as a first offense in spite of the fact that the person was previously convicted of such offense within a five-year period. In my opinion the district attorney has no such authority, nor does the court have the discretion to accept such a reduction.
Section 346.63(1), Stats., defines the offense of driving while intoxicated; it does not state the sentencing penalty and it does not state the term of revocation. The penalty provisions. sec.346.65, Stats., are entirely independent of the provision that defines the offense. In other words, in my opinion there is no statutory lesser offense available in or contemplated by sec.346.63(1), Stats. The district attorney may, of course, refuse to charge, or may reduce a charge from driving while intoxicated to a lesser offense, other than sec. 346.63(1), Stats. The reduction suggested by your question is really an attempt to apply different penalty provisions. The real issue, in my opinion, is whether the court has the discretion to apply the lesser penalty of a conviction on a first offense, when a second offense within the five-year period is a fact. As regards this issue, I do not believe the court has such discretion.
In fact, the courts are severely limited by the mandatory language of sec. 346.65, Stats. Both the penalty provision for the first offense, sec. 346.65(2)(a)1., Stats., and the penalty provision for the second offense, sec. 346.65(2)(a)2., Stats., use the word "shall" rather than "may" and are, therefore, mandatory on the courts. Contrast this with other provisions such as the penalty for reckless driving, sec. 346.65(1), Stats., which uses the word "may" and is, therefore, permissive in nature.
Additional support for the mandatory nature of these provisions is found in Mollet v. Department of Transportation,67 Wis.2d 574, 227 N.W.2d 663 (1975). In Mollet, the Wisconsin Supreme Court found that the Division of Motor Vehicles correctly refused to issue the petitioner an occupational license where he had been convicted of drunk driving a second time after attending traffic safety school on the first violation. The court had to interpret the revocation statute applicable to drunk driving offenses as that provision related to the then existing driver safety school provision. In finding the revocation mandatory, the court stated: *Page 50 
 We conclude that conviction under sec. 346.63(1) (a), Stats., or an ordinance passed in conformity therewith, requires, under sec. 343.30(1q), the revocation of operating privileges for a period of at least ninety days, and that such revocation is mandatory. The option granted under sec. 345.60 to trial judges to send a violator to a traffic school in lieu of other penalties is not applicable. A first conviction under sec. 346.63(1)(a) requires that the offender's license be revoked. No other option is available.
 The attorney general's opinion (60 Op. Atty' Gen. (1971), 261), which advised traffic authorities and judges that the provisions of sec. 345.16, Stats. 1969 (now renumbered sec. 345.60), were applicable to drunken driving is incorrect and is contrary to the plain legislative intent.
Mollet, 67 Wis.2d at 577-78 (footnote omitted).
After an extensive review of the legislative history of the applicable statutes, the court concluded:
 [I] n view of the legislative history of sec. 345.60(1), Stats., the legislative history of the license revocation statutes, and the use of the words "shall" and "may," it is clear sec. 345.60
(1) cannot be used by the trial court to require traffic school attendance in lieu of license revocation under sec. 343.30(1q) for a first conviction for drunken driving. A first conviction for drunken driving is an offense which requires the revocation of the driver's license. Because Mollet was convicted of such an offense within eighteen months of September 18, 1973, conviction for drunken driving, the county judge was without jurisdiction to order the issuance of the occupational license. The Division of Motor Vehicles was correct in refusing to issue the occupational license as ordered by the county judge, and the circuit court judgment must be reversed.
Mollet, 67 Wis.2d at 582.
Although Mollet does not deal with the specific issues raised by your inquiries, I do believe it provides some guidance as regards the probable direction of the court in interpreting the provisions of sec. 346.65(2)(a)1., Stats., and sec.346.65(2)(a)2., Stats. The same logic in regard to the legislative history, legislative history, and use of *Page 51 
the word "shall" found in Mollet would require a finding of no discretion in regard to penalizing when the facts are as you suggest. To find otherwise would clearly violate plain legislative intent.
Your second question is whether the Department of Transportation, in the situation posed in your first inquiry, must treat the offense as a second offense for purposes of revocation. The answer is yes, consistent with my previous analysis. The trial court must penalize on the basis of a second offense. The applicable statute, sec. 343.30(1q)2.(d), Stats., requires a revocation for one year. The Department must proceed "in accordance with the order of the court" and revoke for one year. See sec. 343.31(1)(b), Stats.
Your third question is whether a court could treat this as a first offense for the purpose of revocation and thus prevent the Department from revoking under sec. 343.31(1)(b), Stats. The answer is no. The court does not have the discretion to treat the second offense as anything but a second offense. The mandatory language to the court in the revocation provision, sec.343.30(1q)2.(d), Stats., is no different than the mandatory language in the sentencing provision, sec. 343.65(2)(a), Stats. Both explicitly use the word "shall" and, as I noted, the court in Mollet has construed the use of this word as mandatory to the trial court.
Your fourth question, as your first, assumes that proceeding on a first offense is appropriate and asks what standards of proof apply and whether the 5/6's rule is applicable. Since, in my opinion, the trial court has no discretion to apply the penalties for a first offense when a second offense is evident from the facts and record, it also follows that the court cannot exercise discretion to allow the prosecution to proceed on a first offense when a second offense is a fact. Thus, since a second offense is prosecuted as a criminal action, the burden of proof requirement is "beyond a reasonable doubt" and the unanimous verdict would be required.
BCL:JSS:scj *Page 52