STATE of Wisconsin, Plaintiff-Appellant-Petitioner,

v.

Randall E. BANKS, Defendant-Respondent.

Supreme Court

*No. 80–1662–CR. Argued November 4, 1981.— Decided December 1, 1981.*

(Also reported in 313 N.W.2d 67.)

For the appellant-petitioner the cause was argued by *C. William Foust,* assistant district attorney for Dane county, with whom on the briefs was *James E. Doyle, Jr.,* district attorney.

For the defendant-respondent there was a brief and oral argument by *Ruth S. Downs,* assistant state public defender.

COFFEY, J.   This is a review of a decision of the court of appeals affirming an order for a default judgment entered in the circuit court for Dane county, Hon. ANGELA B. BARTELL, presiding.   The defendant, Randall E. Banks, was convicted of drunken driving (OMVWI) and the court on the first occasion imposed a

civil forfeiture authorized by sec. 346.65(2)(a)1, Stats. (OMVWI-first offense). Banks was arrested and charged with drunken driving on two separate occasions during a three-month period from October through December, 1979. Subsequently, Banks was tried and convicted for the second drunken driving offense and another civil forfeiture penalty was entered on his record, pursuant to sec. 346.65(2)(a)1, by Dane County Judicial Court Commissioner, George Northrup. At the time Commissioner Northrup accepted Banks' plea to the second drunken driving charge, he was unaware of Banks' OMVWI conviction of January 10, 1980 (October 15, 1979 offense). Upon the commissioner's entry of the second civil forfeiture penalty, the division of motor vehicles advised Northrup that the defendant had been convicted of drunken driving some two weeks earlier and, thus, a court was obligated to impose the criminal penalties for any subsequent drunken driving conviction within a five-year period. Based upon this information, Commissioner Northrup vacated the second drunken driving conviction on February 27, 1980, treating it as a nullity and referred the case to the district attorney for a criminal prosecution.

The district attorney then issued a new warrant and criminal complaint charging Banks with OMVWI-second offense. The defendant challenges the issuance of the criminal arrest warrant and complaint. On March 26, 1981, Banks was arrested and taken into custody on the criminal complaint and arrest warrant for the December 21, 1979 OMVWI charge (second-offense). At the initial appearance before the commissioner later that day, a jury trial was scheduled and the case was transferred to the circuit court for trial. On the date of jury selection, July 14, 1980, Dane County Circuit Court Judge Angela B. Bartell, *sua sponte,* concluded that she was "without authority to impose a criminal penalty if

the defendant were convicted under the escalating penalty scheme set forth in secs. 346.63(1) and 346.65(2), Stats. The court further observed that since defendant had no conviction for OMVWI at the time he allegedly drove while under the influence of intoxicants on December 21, 1979, there was no 'first conviction' upon which to base an enhanced penalty under sec. 346.65(2)(a)2, Stats. The court ruled that the matter could proceed only as a civil forfeiture action." Memorandum Decision of the trial court, dated August 8, 1980.

Counsel advised the court that the defendant would not contest this second OMVWI charge if the proceedings and penalties were only civil in nature. The state objected to the trial court's ruling that the court was without authority to impose a criminal penalty and the state maintained that this second OMVWI charge within a five-year period proceeding was more properly characterized as criminal in nature. The court adjourned the matter until July 16, 1980, for further arguments and took the matter under advisement until the memorandum decision and entry of a civil forfeiture default judgment. In that decision, the court construed sec. 346.65(2)(a) as a general repeater statute[1] and found that since the defendant had not been convicted of the

---

[1] The term "general repeater statute" as used herein refers to statutes which provide the sentencing judge with the discretion to increase the statutorily provided penalties where the defendant has been convicted previously of other crimes during a given time period, although these prior convictions need not necessarily be of the same nature as the crime for which the defendant is presently before the court. *See:* sec. 939.62, Stats. These statutes are generally construed as authorizing increased penalties only where the offense for which the defendant is being sentenced was committed after conviction for the first crime. The statute challenged in this case differs from a "general repeater statute" in that it mandates criminal proceedings and penalties on the second/ or any subsequent violation of the *same* statute within a given five-year period.

first offense—OMVWI as of the date of the commission of his second offense he was not subject to the criminal repeater statute (sec. 346.65 (2) (a) 2). The court, without citing authority, held that the criminal complaint on file in the case gave the court jurisdiction to enter a civil drunken driving (OMVWI) forfeiture conviction for the second (OMVWI) offense (December 21, 1979).

The state appealed from the trial court's entry of Banks' second civil forfeiture for drunken driving within a five-year period, contending that the penalty section provides that the second and all subsequent convictions within a five-year period are by statute criminal in nature. The court of appeals affirmed the trial court's judgment, holding that sec. 346.65 (2), Stats., must be construed like general repeater statutes and, therefore, the penalty enhancing provisions were "inapplicable to offenses committed prior to conviction for the first offense." Because of the appellate court's determination of this issue, it did not discuss the other issues raised by the parties.

*Issues*

1. Did the institution of the criminal action after the court commissioner vacated the second OMVWI civil conviction violate Banks' constitutional protection against double jeopardy?

2. Is a defendant who is arrested and convicted of drunken driving two or more times within a given five-year period subject to the criminal penalties of sec. 346.65 (2) (a) 2, Stats., where the second or subsequent arrest takes place before the date of conviction on the first offense?

*Double Jeopardy*

Banks argues that the criminal action brought for the second offense of drunken driving violated his constitu-

tional protection against double jeopardy, as he had earlier been charged and convicted civilly on the same fact situation. Sec. 346.65, entitled "Penalty for violating sections 346.62 to 346.64" requires that criminal penalties be imposed upon a second or subsequent conviction for OMVWI within a given five-year period. The language of the statute clearly demonstrates the legislature's intent that all the penalties for repeated offenses under sec. 346.65(2)(a)1, Stats., be mandatory rather than discretionary in the use of the word shall. The pertinent part of the statute reads as follows:

"**346.65 Penalty for violating sections 346.62 to 346.64.**
. . .

"(2) (a) Any person violating s. 346.63(1):
"1. *Shall* forfeit not less than $100 nor more than $500, except as provided in subd. 2 or 3.
"2. *Shall* be fined not less than $250 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 2 within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions." (Emphasis supplied.)

Our holding that the legislature's use of the word "shall" in the penalty provisions of sec. 346.65(2)(a), Stats., makes the penalties mandatory is consistent with our decision in *Mollet v. Department of Transportation,* 67 Wis. 2d 574, 227 N.W.2d 663 (1975) in which we held that the legislature's use of the word "shall" in sec. 343.30(1q), Stats., required a revocation of license and prohibited a trial court from substituting traffic school attendance as a penalty under the statute. In that decision we stated:

"Further evidence of the legislative intent that revocation is required under sec. 343.30(1q), Stats., is revealed in the language used. That section provides that the trial court 'shall' revoke the license. The penalty sections in chs. 346 to 348, to which sec. 345.60(1) supplies traffic school attendance as an alternative, provide that the various enumerated penalties 'may' be imposed. Had the legislature intended that revocation under sec. 343.30(1q) could be replaced by traffic school attendance under sec. 345.60(1), the legislature would have used permissive rather than mandatory language." *Id.* at 582.

Thus, the legislature's use of the word "shall" indicates that criminal proceedings and penalties are required for a second offense—OMVWI charge within a given five-year period.

The Uniform Traffic Citation and Complaint filed with the commissioner in the original action must be considered a nullity, however, as it failed to confer personal jurisdiction on the court to render a criminal penalty for the citation form fails to satisfy the requirements of probable cause.

". . . The uniform traffic citation and complaint is adequate to confer personal jurisdiction in cases where the object is to collect a forfeiture but it is not adequate, and we conclude that it was not intended to apply when a crime is charged. . . ." *State v. White,* 97 Wis. 2d 193, 201, 295 N.W.2d 346 (1980).

Likewise, we hold that pursuant to sec. 757.69, Stats., entitled "Powers and duties of court commissioners", the court commissioner was without jurisdiction to hear or enter judgment in a criminal proceeding and since the second violation of sec. 346.63(1) is a criminal proceeding his entry of judgment is a nullity because the commissioner was without subject matter jurisdiction. Sec.

967.06, expressly provides that in handling criminal matters "[a] court commissioner may exercise powers or perform duties specified for a judge if such action is permitted under sec. 757.69, Stats." Jurisdiction to preside over a criminal trial, however, is not among the actions which a court commissioner is permitted to perform, pursuant to the provisions of sec. 757.69, and, thus, a court commissioner lacks subject matter jurisdiction over a criminal trial.

Our holding that the court commissioner was without jurisdiction to preside over a criminal trial because no statutory provision grants him that authority is consistent with prior decisions of this court holding:

"[I]n respect to criminal matters, the authority of court commissioners could not be predicated 'upon mere inferences or implications, but *must be expressly conferred by law,* or it does not exist.' " *State ex rel. Perry v. Wolke,* 71 Wis. 2d 100, 103, 237 N.W.2d 678 (1976), citing *Haight v. Lucia,* 36 Wis. 355, 360 (1874). (emphasis supplied).

In *State ex rel. Perry v. Wolke, supra,* we held that under sec. 256.68, Stats. 1975, a judicial court commissioner was without jurisdiction to conduct a preliminary examination. Since the rendering of the *Perry* decision, however, the legislature enacted sec. 967.06, which unambiguously restricts a court commissioner's authority in criminal matters to those actions permitted under sec. 757.69.

In addressing the problem of whether criminal proceedings and penalties are required for a second OMVWI offense within a given five-year period, we point out an opinion of the Attorney General, entitled "Criminal Law; Drunk Driving," reading as follows:

"your first question assumes that a district attorney has the authority to reduce a charge of sec. 346.63(1), Stats., as a second offense to a violation of sec. 346.63

(1), Stats., as a first offense in spite of the fact that the person was previously convicted of such offense within a five-year period. In my opinion the district attorney has no such authority, nor does the court have the discretion to accept such a reduction.

"Section 346.63(1), Stats., defines the offense of driving while intoxicated; it does not state the sentencing penalty and it does not state the term of revocation. The penalty provisions, sec. 346.65, Stats., are entirely independent of the provision that defines the offense. In other words, in my opinion there is no statutory lesser offense available in or contemplated by sec. 346.63(1), Stats. The district attorney may, of course, refuse to charge, or may reduce a charge from driving while intoxicated to a lesser offense, other than sec. 346.63(1), Stats. The reduction suggested by your question is really an attempt to apply different penalty provisions. The real issue, in my opinion, is whether the court has the discretion to apply the lesser penalty of a conviction on a first offense, when a second offense within the five-year period is a fact. As regards this issue, I do not believe the court has such discretion.

"In fact, the courts are severely limited by the mandatory language of sec. 346.65, Stats. Both the penalty provision for the first offense, sec. 346.65(2)(a)1., Stats., and the penalty provision for the second offense, sec. 346.65(2)(a)2., Stats., use the word 'shall' rather than 'may' and are, therefore, mandatory on the courts. Contrast this with other provisions such as the penalty for reckless driving, sec. 346.65(1), Stats., which uses the word 'may' and is, therefore, permissive in nature.

". . .

"Your third question is whether a court could treat this as a first offense for the purpose of revocation and thus prevent the Department from revoking under sec. 343.31(1)(b), Stats. The answer is no. The court does not have the discretion to treat the second offense as anything but a second offense. The mandatory language to the court in the revocation provision, sec. 343.30(1q) 2.(d), Stats., is no different than the mandatory language in the sentencing provision, sec. 343.65(2)(a), Stats. Both explicitly use the word 'shall' and, as I noted, the court in *Mollet* has construed the use of this

word as mandatory to the trial court." 69 Op. Atty. Gen. 48, at 49–51.

■

We agree with the attorney general's analysis of the law. Thus, it is clear that the court commissioner was without jurisdiction to preside over a case involving a second drunken driving offense within a five-year period and properly vacated the judgment as it is criminal in nature.

"When a court or other judicial body acts in excess of its jurisdiction, its orders or judgments are void and may be challenged at any time.
   " 'A judgment or order which is void may be expunged by a court at any time. Such right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying orders or judgments. [Cases cited.]' *State ex rel. Wall v. Sovinski,* 234 Wis. 336, 342, 291 N.W. 344 (1940). *See also, Home Bank v. Becker,* 48 Wis. 2d 1, 7, 179 N.W. 2d 855 (1970)." *Kohler Co. v. ILHR,* 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977).

Since we held that Commissioner Northrup's attempt to enter judgment for a second offense drunken driving charge within a five-year period was in effect a nullity for lack of jurisdiction and was properly vacated, therefore, the subsequent criminal prosecution did not result in a violation of Banks' constitutional double jeopardy protections.

This holding is consistent with the decisions of this court in *State v. Russo,* 70 Wis. 2d 169, 233 N.W.2d 485 (1975), in which we held that the double jeopardy protections were not violated by a retrial on a criminal charge where at the close of the first trial the trial court determined it was without subject matter jurisdiction when the information failed to contain all the elements of the crime, and in *State v. Green,* 60 Wis. 2d 570, 211

N.W.2d 634 (1973), where, after holding that the challenged proceedings were void *ab initio* due to the insufficiency of the information, we made the following disposition:

> " 'The motion of the attorney general to confess error is granted. The proceedings in the action are set aside as being wholly void, and the judgment, sentence, and order are vacated. Since no jurisdiction was acquired over the defendant, future prosecution, not barred by the statute of limitations, may be initiated in the discretion of the prosecutor.' " *State v. Russo, supra* at 174–75.

Consistent with our decisions in *Russo* and *Green,* there is no violation of Banks' constitutional double jeopardy protections by a criminal prosecution where the initial civil proceedings were void *ab initio* due to the court commissioner's lack of jurisdiction over the matter.

*Necessity of Prior Conviction*

Sec. 346.65(2)(a), Stats., provides civil penalties for the first offense only and criminal penalties for all subsequent violations of sec. 346.63(1), Stats. (OMVWI) within a given five-year period.[2] Both the trial court and the court of appeals interpreted this statute as being essentially a general repeater statute. Based upon this determination, they construed the penalty provisions of sec. 346.65(2)(a) in a manner consistent with other constructions of general repeater statutes made by this court. The courts recognized that this court's prior rulings have placed Wisconsin among the majority of jurisdictions which regard general repeater statutes as appli-

---

[2] The sanctions provided in sec. 346.65(2)(a), Stats. 1979–80, are those applicable to this appeal. These sanctions have been altered by the legislature in ch. 21, sec. 1598y, Laws of 1981. Although this legislation changes the sanctions set out in sec. 346.65(2)(a), Stats. 1979–80, it does not alter the language concerning the imposition of criminal penalties construed in this case.

cable only to offenses committed subsequent to a conviction for a prior offense. *State v. Midell,* 40 Wis. 2d 516, 527, 162 N.W.2d 54 (1968). *Faull v. State,* 178 Wis. 66, 189 N.W. 274 (1922). *See also:* Annot., 24 A.L.R.2d 1247.

The trial and appellate courts' application of the construction this court has made of general repeater statutes to the provisions of sec. 346.65(2)(a), Stats., is inappropriate, however, because the language of sec. 346.65(2)(a), differs in nature from that of the general repeater statutes construed by this court. It is evident that the clear and unambiguous language of sec. 346.65 (2)(a) clearly manifests the legislature's specific intent that the sanctions of sec. 346.65(2)(a) be applied in a manner substantially different from repeater penalties in general.

The fact that sec. 346.65(2)(a), Stats., differs considerably from general repeater statutes can best be demonstrated when comparing its provisions to the definition of a "repeater" as found in the criminal statute (sec. 939.62) entitled "Increased penalty for habitual criminality." Sec. 346.65(2)(a)2, uses the following language in describing when criminal penalties should be imposed upon a person violating sec. 346.63(1):

" . . .

"2. Shall be fined not less than $250 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 2 within a 5-year period, . . ."

Whereas, sec. 939.62(2), Stats., sets out the following definition of a repeater subject to enhanced penalties:

"**Increased penalty for habitual criminality.** . . .

"(2) The actor is a repeater if he was *convicted* of a felony during the 5-year period immediately preceding

the commission of the crime for which he presently is being sentenced, or if he was *convicted* of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded." (Emphasis supplied.)

Sec. 939.62(2), Stats., is unambiguous, clear and restrictive and requires that an actor must have been *convicted* of any felony or any three misdemeanors *prior to the commission* of the crime for which he is being sentenced. The statute expressly requires an earlier conviction within a like five-year period for any type of crime *prior to the commission* of the crime for which the enhanced penalties are to be imposed and this court has consistently construed this statute in that manner. *State v. Midell, supra* at 527. Similar language mandating or requiring a prior conviction before the commission of the new crime does not appear in the provisions of sec. 346.65(2)(a)2, although the statute is more restrictive in another way in that it imposes criminal penalties only for additional drunken driving offenses. It is a well established rule of statutory construction that, where a legislative act has been construed by this court, the legislature is presumed to know that in the absence of a change in the law, the court's construction will remain unchanged. *Reiter v. Dyken,* 95 Wis. 2d 461, 471, 290 N.W.2d 510 (1980) :

" '. . . The legislature is presumed to know that in absence of its changing the law, the construction put upon it by the courts will remain unchanged; for the principle of the courts' decisions—legislative intent—is a historical fact and, hence, unchanging.' " *Id.* citing *Zimmerman v. Wisconsin Electric Power Co.,* 38 Wis. 2d 626, 634, 157 N.W.2d 648 (1968).

Since we have construed sec. 939.65(2)(a), Stats., as a general repeater statute and the legislature did not adopt the language used in sec. 939.65(2)(a) in describing when a drunken driver is subject to criminal penalties under sec. 346.65(2)(a)2; it is clear that they intended that sec. 346.65(2)(a) be construed in a manner substantially different from the traditional general repeater-type statutes. (Sec. 939.65(2)(a).)

The provisions of the drunken driver penalty statute (sec. 346.65(2)(a)) do not express the requirement of a *prior* conviction found in sec. 939.62(2), Stats. Rather, they require criminal penalties based upon more than one drunken driving conviction or license revocation within a five-year period at the time of sentencing, regardless of the order in which the convictions were entered. The statutes construed by this court in *State v. Midell, supra,* and *Faull v. State, supra,* are also distinguishable from the provisions of sec. 346.65(2)(a) in that each requires a conviction between the commission of offenses.[3] The statutory provision discussed in *Faull v. State, supra,* provided an additional penalty for "a second or any subsequent conviction" and is an example of this requirement of a prior conviction before the commission of other offenses. *Id.* at 71. The absence of any language in sec. 346.65(2)(a) requiring a prior conviction before the commission of a second offense supports our conclusion

---

[3] The statute construed in *State v. Midell, supra,* provided as follows:

"161.28 **Penalties; sentence; probation and parole; evidence and procedure on prior convictions.** (1) Any person who violates s. 161.02(1) or 161.275(1) shall be imprisoned not less than 2 nor more than 10 years. For a second offense or if, in case of a first conviction of violating s. 161.02(1) or 161.275(1) such person had previously been convicted of any violation of the laws of the United States or of any state, territory or district thereof, relating to narcotic drugs or marijuana, such person shall be imprisoned not less than 5 nor more than 10 years. . . ."

that the criminal penalties of this statute apply where there have been two or more convictions for operating a motor vehicle while intoxicated during a five-year period regardless of the order in which the offenses were committed and the convictions were entered.

The appellate court recognized the difference in the language of sec. 346.65(2)(a), Stats., in its opinion, but determined that applying the criminal penalties of the statute in a manner distinct from general repeater statutes would raise administrative problems.

"There is force to the state's argument. The language of sec. 346.65(2)(a)(2), Stats., is distinctly different from the repeater statutes construed in *Midell* and *Faull*. The statute may reasonably be construed as the state contends it must be construed. The legislature has demonstrated an increasingly harsh attitude towards drunk drivers in recent years. . . ." Ct. App. Slip Op. at 5. (May 29, 1981).

We do not agree with the appellate court's reasoning that the administrative difficulties which may arise from the application of the criminal penalties of sec. 346.65 (2)(a), Stats., to a repeat offender regardless of the sequence of his violations are insurmountable. In any event, the potential difficulties referred to certainly do not and should not provide a justification for interpreting this statute in a manner other than that specifically intended by the legislature, especially where a construction of that nature only serves to defeat the very intent of the legislation.

The conclusion that the legislature intended the criminal penalties of sec. 346.65(2)(a), Stats., to be applied to a driver who repeatedly violates sec. 346.63(1), regardless of the sequence of offenses is consistent with the recognized nationwide and state legislative objective of removing drunken drivers from the highways. In *State v. Neitzel*, 95 Wis. 2d 191, 289 N.W.2d 828 (1980), we recognized that removing drunken drivers from the

highways was one of the objectives of the implied consent law (sec. 343.305) :

"Because the clear policy of the statute is to facilitate the identification of drunken drivers and their removal from the highways, the statute must be construed to further the legislative purpose. . . ." *Id.* at 193–94.

The same objective of removing drunken drivers from the highways is the underlying premise of the criminal penalties of sec. 346.65(2)(a), Stats., and our construction of that statute supports that legislative purpose. Under the construction of the statute advocated by the defendant, it would serve the interests of habitual drunken drivers to delay the trial of an offense through the filing of timely substitution of judge motions, through controlled adjournments, etc. Such a result would clearly frustrate the obvious legislative intent.[4]

This court has recognized that the purpose of general repeater statutes is to increase the punishment of persons who fail to learn to respect the law after suffering the initial penalties and embarrassment of conviction. .

"While one might think that a two-year sentence is excessive punishment for a misdemeanor, it must be remembered the repeater statute was passed for the very purpose of increasing the punishment of those persons who do not learn their lesson or profit by the lesser punishment given for their prior violations of the criminal laws. . . ." *Block v. State,* 41 Wis. 2d 205, 212–13, 163 N.W.2d 196 (1968).

Our construction of sec. 346.65(2)(a), Stats., imposing criminal penalties on a repeat drunken driver regardless of whether he is convicted of a prior offense before

[4]We note that ch. 20, Laws of 1981, has increased the sanctions provided under sec. 346.65(2)(a). Although those increased sanctions are not applicable to the case at bar, they further demonstrate the legislature's objective of removing drunken drivers from the highways.

committing subsequent offenses furthers this legislative policy, along with the underlying objective of removing the drunken driver from the highways. It is clear from the legislative history of sec. 346.65(2)(a) that the legislature is trying to confine those persons who have the dangerous propensity to drive while drunk and, thus, prevent them from endangering the lives of themselves and others.

Thus, we hold that the trial court and the court of appeals erred. We conclude that the criminal penalties of sec. 346.65(2)(a), Stats., are applicable to violations of sec. 346.63(1) (OMVWI) committed prior to conviction for a first offense within a five-year period.

Because we do not agree with the holdings of the trial court and the court of appeals, we address the remaining issues raised by the defendant on this appeal.

The defendant contends that a construction of sec. 346.65(2)(a)2, Stats., as providing criminal penalties for any second drunken driving conviction within a five-year period, will violate the constitutional principles of due process. He argues that this construction renders the statute unconstitutionally vague in that it does not give the actor notice at the time he commits the offense whether or not his conduct is criminal or what the range of punishment his conduct will subject him to.

"The test of vagueness of a penal statute is whether it gives reasonable notice of the prohibited conduct to those who would avoid its penalties." *State v. Driscoll,* 53 Wis. 2d 699, 701, 193 N.W.2d 851 (1972), cited also in *State v. Tronca,* 84 Wis. 2d 68, 86, 267 N.W.2d 216 (1978).

The express language of sec. 346.65(2)(a), Stats., providing that any person violating sec. 346.63(1) (OMVWI) *shall* be fined or imprisoned if the total of

license revocations and convictions for drunken driving equals 2 within a five-year period, gives ample notice to a driver who wishes to avoid criminal penalties that a second offense of driving under the influence of intoxicants subjects a driver to criminal penalties. Thus, applying the standard quoted above to sec. 346.65(2)(a), it is clear that the statute satisfies the due process requirements as it gives ample notice of the prohibited conduct and penalties.

Banks also contends that our construction of sec. 346.65(2)(a) is unconstitutional as it gives the statute an *ex post facto* effect. He argues that at the time of the commission of the second drunken driving offense he could not determine whether his conduct was criminal. We disagree with this argument for:

"An ex post facto law is one which imposes a punishment for an act which was not punishable at the time it was committed or imposes an additional punishment to that then prescribed." *Wisconsin Bingo Supply & Equipment Co. v. Bingo Control Bd.,* 88 Wis. 2d 293, 304, 276 N.W.2d 716 (1979).

The applicable criminal penalties of sec. 346.65(2)(a), Stats., became effective on July 1, 1978. Thus, they existed a year and one-half and, thus, some time prior to Banks' initial and subsequent arrests for drunken driving and at that time they clearly provided criminal punishment for a drunken driving violation which results in a second conviction during a five-year period. Therefore, we reject the defendant's contention that sec. 346.65(2)(a) has an *ex post facto* effect and hold it is without merit.

*By the Court.*—The decisions of the court of appeals and the trial court are reversed and cause remanded for proceedings not inconsistent with this opinion.