STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard K. WITTROCK, Defendant-Appellant.

Supreme Court

Nos. 83–2184, 83–2185, 83–2186. Submitted on briefs May 29, 1984. Decided June 28, 1984.

(Also reported in 350 N.W.2d 647.)

For the defendant-appellant there were briefs by *Michael Dwyer* and Legal Assistance to Institutionalized Persons Program, Madison.

For the plaintiff-respondent there was a brief by *Stephen W. Kleinmaier,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

LOUIS J. CECI, J. This appeal involves the trial court's sentencing of the defendant as a repeater, pursuant to sec. 939.62, Stats. The circuit court for Wood county, Honorable Fred A. Fink, Circuit Judge, sentenced Richard K. Wittrock as a repeater on April 21, 1981, following the defendant's guilty pleas to four misdemeanor charges, based upon a showing by the state that the defendant had previously been convicted of three misdemeanors within the statutorily prescribed five-year period preceding the commission of the offenses for which Wittrock was sentenced on April 21, 1981. The defendant subsequently petitioned this court for bypass of the court of appeals, pursuant to sec. 808.05, and the petition was granted by this court on March 9, 1984. Because we find that the trial court correctly sentenced the defendant as a repeater based upon his prior misdemeanor convictions, we affirm the circuit court.

The facts in this case are undisputed. On April 21, 1981, the defendant entered guilty pleas in the following three cases: Case No. 4419, involving a battery committed on December 13, 1980, contrary to sec. 940.19(1), Stats. 1979–80; Case No. 11,836, involving a November 26, 1980, disorderly conduct charge, in violation of sec. 947.01; and a third case, No. 11,837, involving criminal damage to property occurring on November 23, 1980, and contrary to sec. 943.01(1), and a December 13, 1980, disorderly conduct charge. The court found the defendant to be a "repeater"

pursuant to sec. 939.62, and consequently sentenced the defendant to two years each at Waupun in Case No. 11,836 and Case No. 11,837, to be served concurrently, and to two years at Waupun in Case No. 4419, to run consecutively to the sentence imposed in Case No. 11,836.[1] The judge's determination of the defendant's repeater status was based upon a showing by the state that the defendant had been previously convicted of two counts of disorderly conduct on February 10 or 11, 1980, and one count of disorderly conduct on September 10 or 11, 1977. The record is blatantly lacking concerning the prior convictions. However, during argument of the motion for postconviction relief, the defendant's counsel conceded that the two misdemeanors for which the defendant was sentenced in February of 1980, were committed on separate dates.

We are faced, then, with one issue upon appeal. It is whether the language "convicted of a misdemeanor on 3 separate occasions," as utilized in sec. 939.62(2), Stats., requires three separate court appearances in order to qualify as a repeater. We hold that it does not.

Section 939.62, Stats., entitled "Increased penalty for habitual criminality," provides in part,

---

[1] Under the 1979–80 statutes, the defendant pled guilty to two Class A misdemeanors, those of criminal damage to property and battery, and also pled guilty to two Class B misdemeanors, the two charges of disorderly conduct. Therefore, the maximum sentences of imprisonment for the Class A misdemeanors was nine months, while the maximum sentence for the Class B misdemeanors was ninety days. *See,* sec. 939.51(3), Stats. 1979–80. Under sec. 939.62(1)(a), as a repeater the defendant's term for each misdemeanor could be increased to not more than three years.

"**939.62 Increased penalty for habitual criminality.** (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

"(a) A maximum term of one year or less may be increased to not more than 3 years."

"(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded."

The defendant has argued that the unambiguous, plain meaning of the statute requires that one be convicted of three misdemeanors in three separate court appearances in order to attain the status of a repeater. Alternatively, the defendant argues that should the court find the term "occasion" to be ambiguous, the rules of statutory construction, in particular, the canon of strict construction of criminal statutes, requires that the court construe "occasion" to mean a court appearance. *State v. Morris,* 108 Wis. 2d 282, 289, 322 N.W.2d 264 (1982), and *State v. Wilson,* 77 Wis. 2d 15, 28, 252 N.W.2d 64 (1977). Therefore, the defendant asserts that since his prior convictions occurred in only two separate court appearances, or on two separate occasions, the trial court erroneously imposed the enhanced sentences on the defendant, because he did not qualify as a repeater.

The state, on the other hand, has taken the position that the above language should be interpreted to mean that a defendant achieves repeater status once he or she has been convicted of three misdemeanors within the five-year period, regardless of the number of court appearances. The state argues that the term "occasion" unambiguously refers to separate offenses. Therefore, the state maintains that the defendant in this case clearly qualifies as a repeater, because he was previously convicted of three separate offenses of disorderly conduct.

The trial court, in its order denying the defendant's motion for postconviction relief on October 27, 1983, utilized the following language:

"[T]he court finds that defendant was properly sentenced as an habitual offender because he was convicted of misdemeanors *committed on three separate occasions* in the five years before his present convictions, as required by Wis. Stat. § 939.62 (1979–80)." (Emphasis added.)

Therefore, the trial court concluded that the language refers to the fact that the three misdemeanors must be *committed* by the defendant on different dates.

Initially, we would like to stress what is not at issue in this case. As we noted above, the three prior misdemeanors involved in this appeal occurred on different dates and prior to the four offenses for which the defendant was sentenced on April 21, 1981. *See, State v. Banks,* 105 Wis. 2d 32, 45, 313 N.W.2d 67 (1981), and *State v. Midell,* 40 Wis. 2d 516, 527, 162 N.W.2d 54 (1968). Therefore, we must determine whether this qualifies a defendant as a repeater under sec. 939.62(2), Stats., in spite of the fact that the actual convictions occurred in only two separate court appearances. This case does not involve a situation where the defendant has been convicted of two or more misdemeanors arising out of a single continuing course of conduct or transaction. Therefore, we will confine ourselves to the facts of this case and, for purposes of this appeal, we will not address the issue of whether or not a single transaction giving rise to two or more misdemeanor convictions may serve to qualify one for repeater status.[2]

---

[2] We note that the trial judge interpreted the phrase "on 3 separate occasions" to require that the misdemeanors must have occurred on separate dates and could not be considered separate charges if they arose from one continuing course of conduct. However, as stated above, we find resolution of this issue unnecessary to the case at hand.

The dispute in this case, then, arises from the legislature's use of the term "occasion" in sec. 939.62(2).[3] The interpretation of a statute is a question of law, which appellate courts may review without deference to the trial court's reasoning. *Central Nat. Bank of Wausau v. Dustin,* 107 Wis. 2d 614, 617, 321 N.W.2d 321 (Ct. App. 1982). This court has often stated that the threshold question to be addressed by this court when construing a statute is whether the statutory term is ambiguous. *State v. Engler,* 80 Wis. 2d 402, 406, 259 N.W.2d 97 (1977). A statutory term is deemed ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d

---

[3] In the case of *State v. Banks,* 105 Wis. 2d 32, this court compared the language of sec. 939.62(2), Stats., to the language of sec. 346.65(2), regarding civil penalties for first-time drunken drivers and criminal penalties for subsequent violations within a given five-year period. The *Banks* court utilized the following language: "Sec. 939.62(2), Stats., is unambiguous, clear and restrictive and requires that an actor must have been *convicted* of any felony or any three misdemeanors *prior to the commission* of the crime for which he is being sentenced. The statute expressly requires an earlier conviction within a like five-year period for any type of crime *prior to the commission* of the crime for which the enhanced penalties are to be imposed and this court has consistently construed this statute in that manner. *State v. Midell, supra* at 527." *Id.* at 46 (emphasis in the original). The court accordingly concluded that because sec. 346.65(2) contained no *express requirement* of a prior conviction as set forth in sec. 939.62(2), the criminal penalties of sec. 346.65 applied where there had been two or more convictions for drunken driving offenses during a five-year period, regardless of the order in which the offenses were committed and regardless of the order in which the convictions were entered. *Id.* at 47–48.

We find the *Banks* case inapplicable to our present construction of the statute. This court did not interpret the phrase "on 3 separate occasions" in that case. Also, we find the language in *Banks* to be dictum, since the case concerned the construction of sec. 346.65(2) and not sec. 939.62(2), Stats.

47 (1981). However, whenever a case such as this reaches the court, it naturally follows that the parties will obviously disagree as to the term's meaning. The court, then, will look to the language of the statute itself to determine whether well-informed persons should become confused as to a term's meaning. *Aero Auto Parts, Inc. v. Dept. of Transp.,* 78 Wis. 2d 235, 238–39, 253 N.W.2d 896 (1977).

Primary recourse is to statutory language itself. When this court looks at the language utilized in sec. 939.62 (2), Stats., the statute must be interpreted on the basis of the plain meaning of its terms. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12 (1981). Nontechnical words utilized in the statutes are to be given their ordinary and accepted meaning when not specifically defined and that meaning may be ascertained from a recognized dictionary. *State ex rel. First Nat. Bank & Trust v. Skow,* 91 Wis. 2d 773, 781, 284 N.W.2d 74 (1979), citing *Falkner v. Northern States Power Co.,* 75 Wis. 2d 116, 123, 248 N.W.2d 885 (1977).

We observe that the term "occasion" is not specifically defined in sec. 939.62. *Webster's New Collegiate Dictionary* 794 (1977) defines "occasion" as "happening, incident" or "a time at which something happens." This meaning provides little insight into whether the legislature intended occasion to mean the "incident" at which the misdemeanor occurred or, in other words, the commission of the crime, or whether it was intended to relate to the "incident" of the conviction, in other words, the court appearance. Also, the location of the term "occasion" in the statute provides little insight into what the legislature intended by the use of the term. As we noted above, a defendant qualifies as a repeater if he or she "was convicted of a misdemeanor on three separate occasions." Once again, it is not clear whether occasion refers to the time of conviction or time of the crime's commission.

We conclude that an ambiguity exists within the statute, since the term "occasion" may be interpreted in two different ways by well-informed persons. *In Matter of Athans,* 107 Wis. 2d 331, 335, 320 N.W.2d 30 (Ct. App. 1982). As we noted in *Wis. Environmental Decade v. Public Service Comm.,* 81 Wis. 2d 344, 350, 260 N.W.2d 712 (1978), when such an ambiguity is found,

". . . it is permissible to look to the legislative intent, which is to be found in the language of the statute in relation to its scope, history, context, subject matter, and object intended to be accomplished."

The challenged phrase in the repeater statute first appeared in sec. 359.12, Stats. 1949, which was created by Laws of 1949, ch. 631, sec. 171. Prior to that time, the repeater statute which had been enacted in 1978 had essentially remained unchanged. See secs. 4736, 4737, and 4738, Rev. Stats. 1878. Section 359.12, Stats. 1949, entitled "Sentence of repeater," provided in part,

"(1) DEFINITIONS. As used in this section, unless context or subject matter otherwise requires:
"(a) 'Repeater' means a person convicted of a crime punishable by imprisonment, (except escapes under section 346.40 or 346.45(2)), who, within 5 years prior to commission thereof, had been convicted of a felony or *on 3 separate occasions during such 5-year period had been convicted of misdemeanors . . . .*" (Emphasis added.)

Because of the similarity in language between sec. 359.12, Stats. 1949, and the present sec. 969.32, we believe the intent behind the 1949 change is relevant to our consideration.[4]

---

[4] We note that the wording of the current sec. 939.62(2) was created by sec. 1 of ch. 696, Laws of 1955. Concerning the changes in the language of the current sec. 939.62(2), as it was originally proposed, the judiciary committee stated that the statute substantially restated the prior language of sec. 359.12. *Wisconsin Legis-*

The purposes behind the 1949 revisions in the Wisconsin criminal code are discussed by William A. Platz in his article, *The 1949 Revision of the Wisconsin Code of Criminal Procedure,* 1950 Wis. L. Rev. 28. Platz was a member of the Advisory Committee on Rules of Pleading, Practice and Procedure which worked for four years on the bill which revised the criminal code. *See,* 1950 Wis. L. Rev. 28 at n. 1. This court has utilized Platz's writings in the past concerning his work on revisions in criminal law. *See, Perkins v. State,* 61 Wis. 2d 341, 349, 212 N.W.2d 141 (1973).

Platz noted that some of the changes in the repeater statute were made to cure deficiencies in the old statute.[5]

*lative Council Judiciary Committee Report on the Criminal Code,* vol. V at 51 (1953).

[5] Prior to the 1949 revision, the statutes provided,

"359.12 **Sentence of person previously convicted.** When any person is convicted of any offense punishable only by imprisonment in the state prison and it is alleged in the indictment or information therefor and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to punishment by imprisonment in any state prison, or state reformatory, by any court of this state, or any other state or of the United States, and that such sentence remains of record unreversed, whether pardoned therefor or not, he may be punished by imprisonment in the state prison not less than the shortest time fixed for such offense and not more than twenty-five years.

"359.13 **Same.** When any person is convicted of any offense punishable by imprisonment in the state prison or in the county jail, in the discretion of the court, and it is alleged in the indictment or information and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to imprisonment, either in any state prison or county jail, by any court of this state or of any other state or of the United States, and that such sentence remains of record and unreversed, whether pardoned therefor or not, he may be punished by imprisonment in the state prison not less than the shortest time fixed for such offense and not more than five years, or in the county jail not less than the shortest time fixed for said offense and not more than one year.

1950 Wis. L. Rev. at 237. For example, to be eligible for repeater status under the old statute, one must have been *sentenced* to imprisonment. Therefore, if a defendant were placed on probation and the sentence withheld, the defendant would not qualify as a repeater. To cure this sort of discrimination between similarly situated defendants, the revised statute focused upon the previous conviction. *Id.* at 237–38. As Platz noted,

"(1) Previous *conviction* of a felony or *three* misdemeanors determines a convict's status as a repeater, regardless of what the previous *sentence* may have been." *Id.* at 241. (Emphasis in the original.)

The 1949 committee comment utilized similar language.

"The present habitual criminal sections are archaic. The changes made by this revision are radical and are self-evident. Emphasis is shifted from the prior sentence (and the nature of the institution to which sentenced) *to the prior crime.* (3) (a) is like present 359.14 except that 3 prior convictions of misdemeanors are required instead of one . . . ." Wis. Stat. Ann. sec. 939.62 (West 1982). (Emphasis added.)

We believe that both Platz's comments and those of the advisory committee indicate that the revised repeater statute shifted focus away from the prior sentence and

---

"359.14 **Same.** When any person is convicted of any offense punishable only by imprisonment in the county jail or by fine, or both, and it is alleged in the indictment, information or complaint and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to imprisonment, either in any state prison, state reformatory, house of correction or county jail, by any court of this state or of any other state or of the United States, and that such sentence remains of record and unreversed, whether pardoned therefor or not, such person may be punished by imprisonment in the county jail not less than the shortest time fixed for such offense and not more than one year, or by imprisonment in the state prison not more than three years nor less than one year."

toward the *prior crime*. In the case of misdemeanors, Platz refers to "three misdemeanors," and the committee refers to "3 prior convictions of misdemeanors." This indicates a concern with the quantity of crimes rather than with the time of conviction. Whenever a misdemeanant is convicted of a fourth misdemeanor which was committed subsequent to the convictions of three prior misdemeanors, the defendant's sentence may be enhanced by the repeater statute.

We believe that this interpretation is consistent with the legislative intent behind the revision of the repeater statute. As we noted above, the legislature attempted to cure the discrimination which occurred between defendants who received withheld sentences and those who received sentences which were stayed, thus qualifying the latter for repeater status while disqualifying the former. By attempting to cure this discrimination, we cannot conclude that the legislature meant to create another possibility of discrimination, namely, that of avoiding repeater status by merely pleading to more than one misdemeanor in one court appearance, which would constitute only "1 prior occasion." We find this to be an unreasonable construction. Although the defendant argues that the rules of statutory construction require strict construction of criminal statutes, *State v. Wilson*, 77 Wis. 2d at 28, this court has stated the following concerning an unreasonable construction:

"A court will always reject an unreasonable construction of a statute where a reasonable construction appears, and this is so notwithstanding that the statute is to be strictly construed." *Falkner v. Northern States Power Co.*, 75 Wis. 2d at 124.

We also find this interpretation to be consistent with the policy purpose behind the repeater statutes. In *Block v. State*, 41 Wis. 2d 205, 213, 163 N.W.2d 196 (1968),

this court stated the following concerning the repeater statute:

"[i]t must be remembered the repeater statute was passed for the very purpose of increasing the punishment of those persons who do not learn their lesson or profit by the lesser punishment given for their prior violations of criminal laws."

Similarly, in *State v. Midell,* 40 Wis. 2d at 527, we stated,

"Regardless of the particular phraseology of repeater statutes, their inherent purpose is to serve as a warning to first offenders. The infliction of more severe punishment for a repeater is based upon his persistent violation of the law after conviction for previous infractions."

The purpose behind the repeater statute is to protect society from those individuals who are persistent violators and have not profited from the lesser punishments given for previous misdemeanors. Our holding is consistent with this purpose.

*By the Court.*—The judgment of the circuit court is affirmed.