STATE of Wisconsin, Plaintiff-Respondent,

v.

Allen A. THOMPSON, Defendant-Appellant.†

Court of Appeals

*No. 86–0592–CR. Submitted on briefs September 9, 1986—Decided October 8, 1986.*

(Also reported in 397 N.W.2d 121.)

† Petition to review denied.

For the defendant-appellant, the cause was submitted on the brief of *Terry W. Rose* of *Rose & Rose,* Kenosha.

For the plaintiff-respondent, the cause was submitted on the briefs of *Gerald P. Ptacek,* district attorney and *Zoe A. Stowers,* assistant district attorney for Racine county and *Bronson C. La Follette,* attorney general and *Christopher G. Wren,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   In this case, Allen A. Thompson was sentenced as a second offender for an alcohol related driving offense even though he had been convicted but once of driving while intoxicated. He claims that the statute allowing this circumstance is unconstitutional because it denies him equal protection of the laws. We disagree and affirm.

This appeal was originally assigned as a one-judge appeal pursuant to sec. 752.31(2), Stats. Because the issue is recurring, the case was made a three-judge appeal. Section 809.41(3), Stats.

The legislature has mandated that drivers who have but one conviction can nonetheless be considered second offenders if the other alleged violation resulted in a revocation of license but not a conviction. Section 346.65(2)(b), Stats., states in pertinent part that a person is a repeat offender and subject to harsher penalties "if the total of revocations under s. 343.305 and convictions . . . equals 2 in a 5-year period."

Thompson had a prior 1984 citation for driving while intoxicated but was found not guilty. However, his license was revoked on this prior occasion as a penalty for improperly refusing to take a breathalyzer test under

sec. 343.305, Stats. He later received another alcohol related driving citation and was found guilty. He does not contest that sec. 346.65(2)(b), Stats., applies to him at that point if it is constitutional.

His argument is equal protection. The standard for reviewing an equal protection attack on an allegedly discriminatory sentencing provision of the traffic code is found in *State v. Duffy*, 54 Wis.2d 61, 65–67, 194 N.W.2d 624, 626–27 (1972):

> Equal protection of the law is denied only where the legislature has made irrational or arbitrary classifications. *Town of Vanden Broek v. Reitz* (1971), 53 Wis.2d 87, 191 N.W.2d 913; *State ex rel. Johnson v. Cady* (1971), 50 Wis.2d 540, 185 N.W.2d 306; *State ex rel. Schopf v. Schubert* (1970), 45 Wis.2d 644, 173 N.W.2d 673. The test is not whether some inequality results from the classification, *Lindsley v. Natural Carbonic Gas Co.* (1911), 220 U.S. 61, 31 Sup. Ct. 337, 55 L. Ed. 369, but whether there exists any reasonable basis to justify the classification. *McGowan v. Maryland* (1961), 366 U.S. 420, 81 Sup. Ct. 1101, 6 L. Ed. 2d 393. The instant case is not a situation involving criteria which is inherently "suspect." *See Graham v. Richardson* (1971), 403 U.S. 365, 91 Sup. Ct. 1848, 29 L. Ed. 2d 534.
>
> . . .
>
> [R]eason or necessity for the designation of . . . specific penalty provisions . . . is [a decision] resting primarily with the legislature and no court is justified in declaring such a determination baseless or unconstitutional unless it can be said without doubt that no one could reasonably conclude there is any substantial reason justifying different legislative treatment. *See State ex rel. La Follette v. Reuter*, (1967), 36 Wis.2d 96, 153 N.W.2d 49. . . . [I]t is within the province of the legislature to determine

the penalty for the particular evil sought to be remedied.

Thompson asserts that the legislature has made an irrational and arbitrary classification among those convicted of intoxication related offenses. For purposes of clarity, we recite the state attorney general's analysis of Thompson's argument, which is as follows:

> The following table sets forth the four possible situations that can occur when a law enforcement officer asks a driver to submit to a breathalyzer test and the count that results for penalty enhancement purposes under section 346.65(2):

| Situation | Refusal? | Subsequent Conviction? | Count |
|-----------|----------|------------------------|-------|
| #1 | No | No | 0 |
| #2 | Yes | No | 1 |
| #3 | No | Yes | 1 |
| #4 | Yes | Yes | 1 |

> Thompson's case fits situation two. In effect, he claims that for counting purposes, the legislature cannot constitutionally equate situation two with situations three and four. Instead, he asserts that equal protection requires classifying situation two with situation one for counting purposes.

Thompson sees no reason why a person who refuses the breathalyzer and is found not guilty should be treated any differently than the person who takes the test and is found not guilty. His argument is that both individuals are of the same class—the not guilty. Thompson concludes that to treat one differently than the other simply because of a refusal is irrational.

He further asserts that if a person refuses and is found guilty, that person is still chargeable with only one offense for repeater purposes. Thompson claims

that if the purpose is to punish for each offense, then that individual should be more culpable than he. Thompson concludes that the class is irrationally constituted.

We do not agree. Revocation is a sanction for refusal to take a blood alcohol test. The blood alcohol test is mandatory in Wisconsin unless there is a proper basis not to take it. Section 343.305(1) and (8), Stats. Implied consent to take the test is "needed to improve the rate of convictions so that those who drive while intoxicated [will] be punished." *State v. Brooks*, 113 Wis.2d 347, 355, 335 N.W.2d 354, 358 (1983). By refusing the test, Thompson deprives the state of relevant evidence to which it is entitled. It is a legitimate public purpose, therefore, for the legislature to provide incentives for taking the blood alcohol test by punishing those persons who do not take it. *See State v. Banks*, 105 Wis.2d 32, 48-50. 313 N.W.2d 67, 74-75 (1981).

The legislature has twin goals in its pursuit of the intoxicated driver: to punish those who are convicted of intoxication related offenses and to also punish those who improperly fail to comply with the implied consent law. When a motor vehicle operator is found to have thwarted either one of these goals more than once, the legislature recognizes that the driver has failed to learn to respect our state's interrelated intoxicated driver laws. *Id.*

In Thompson's initial hypothetical, the driver who takes the test has not shown disrespect for the law; the subsequent finding of not guilty also shows no disrespect. Thompson is not of that individual's class. Although he was found not guilty, like the hypothetical individual, his refusal showed a depreciation of the implied consent law. For that, the legislature may pun-

334

ish. A second violation shows that the lesson has not been learned and increased penalties are necessary. By the same token, the driver who refuses a test and is found guilty has but one episode of disrespect. From that episode, the lesson should be learned. A second episode shows *continuing* disrespect for the law and mandates increased punishment. Thompson cannot compare himself to the driver who has but one episode of disrespect.

At some point, the costs of Thompson's continuing low estimation of our laws will outweigh any benefits he thinks are being gained by his actions. At that point, the valid legislative purpose will have been achieved.

*By the Court.*—Order affirmed.