STATE of Wisconsin, Plaintiff-Appellant,

v.

Mary SALZER, Defendant-Respondent.

STATE of Wisconsin, Plaintiff-Appellant,

v.

Timothy SALZER, Defendant-Respondent.†

Court of Appeals

*No. 85-2203-CR. Submitted on briefs June 4, 1986.—Decided July 22, 1986.*

(Also reported in 393 N.W.2d 121.)

---

† Petition to review denied.

For the plaintiff-appellant, State of Wisconsin, there was a brief by *Bronson C. La Follette*, attorney general, and *Kirbie Knutson*, assistant attorney general.

For the defendant-respondent, Timothy Salzer, there was a brief by *Clay F. Teasdale* of *Murphy & Teasdale* of Marinette.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J. The state appeals an order granting Mary and Timothy Salzer's motion to dismiss the charge of violating sec. 943.20(3)(c), Stats.[1] The state charges that the Salzers committed the felony of theft by concealing assets while continuing to receive public assistance. Because receipt of an insurance payment for damaged exempt property constitutes receipt of assets pursuant to sec. 49.12(6), Stats.,[2] we reverse the order and reinstate the theft charge.

---

[1] The Salzers were charged with theft by welfare fraud. Section 943.20(3)(c) provides that if the value of the stolen property exceeds $2,500, the defendant is guilty of a Class C felony.

[2] Section 49.12(6) provides as follows:

> Where a person is originally eligible for assistance and receives any income or assets or both thereafter and fails to notify the officer or agency granting such assistance of the receipt of such assets within 10 days after such receipt and continues to receive aid, such failure to so notify the proper officer or agency of receipt of such assets or

The Salzers received a $10,000 insurance payment after a fire at their residence damaged insured personal property. The Salzers were receiving Aid to Families with Dependent Children, food stamps, and medical assistance at the time they received the insurance payment. It is undisputed that the Salzers concealed the $10,000 in a safe deposit box and did not report its receipt. The trial court concluded, however, that the felony charge against the Salzers should be dismissed because an insurance payment made to compensate for the loss of personal and household property, which are exempt assets under AFDC regulations,[3] also becomes exempt property.

Because the relevant facts of this case are undisputed, we are presented with a question of law that we review without deference to the trial court's decision. *First National Leasing Corp. v. City of Madison*, 81 Wis.2d 205, 208, 260 N.W.2d 251, 253 (1977). Section 49.12(6) provides that the receipt of "any income or assets" must be reported, but the statute contains no definition of an asset. Where the wording of a statute is unambiguous, we rely on the plain meaning of the language used. *State v. Wittrock*, 119 Wis.2d 664, 670, 350 N.W.2d 647, 651 (1984). Nontechnical words used in a statute are to be given their ordinary and accepted meaning when not specifically defined, and that meaning may be ascertained from a recognized dictionary. *Id.* Asset is defined as "property of all kinds, real and per-

income or both shall be considered a fraud and the penalties in sub. (1) shall apply.

[3] Wis. Admin. Code ch. HSS 201.27(2)(g) (1986) provides that household and personal effects shall be exempt unless they are of unusual value.

sonal, tangible and intangible." Black's Law Dictionary 108 (5th ed. 1979). Obviously, $10,000 in cash is an asset.

The Salzers concede that under Black's definition, the insurance payment is an asset. They argue, however, that the insurance payment should be treated as if it were the equivalent of personal and household property. The Salzers urge this court to adopt a restrictive definition of asset so as to include only those assets that are taken into consideration when determining eligibility for public assistance.[4] We decline to do so. Under the language of sec. 49.12(6), the term asset includes $10,000 cash. It is nonexempt property, and therefore its receipt must be reported.[5] The fact that the cash was received as the result of the destruction of exempt property is irrelevant.[6] We reverse the order and remand this matter to the trial court with instructions to reinstate the charge under sec. 943.20(3)(c).

*By the Court.*—Order reversed and cause remanded with directions.

---

[4] The Salzers' definition of assets would include everything except exempt assets, which are defined as those assets that are not considered when determining financial eligibility for AFDC. *See* Wis. Admin. Code ch. HSS 201.03(9) (1986).

[5] We do not address the question of whether the receipt of an exempt asset must be reported. That is not at issue in this case, and we leave that question to be answered in future proceedings.

[6] The Salzers also argue that the evidence adduced at the preliminary examination fails to show that they did not use the insurance payments to replace the exempt items lost in the fire. Because of our holding, it is unnecessary to address this argument.