STATE of Wisconsin, Plaintiff-Respondent,

v.

Prettic SMITH, Defendant-Appellant.†

Court of Appeals

*No. 87–0209–CR. Submitted on briefs October 6, 1987.— Decided December 3, 1987.*

(Also reported in 419 N.W.2d 259.)

† Petition to review granted.

■■■■■■■■

■■■■■

■■■■■■■■■

For the defendant-appellant the cause was submitted on the briefs of *Michael Yovovich,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *William L. Gansner,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. Prettic Smith appeals from a judgment convicting him of possession of marijuana with intent to deliver in violation of sec. 161.41(1m), Stats. Smith contends that the evidence against him was obtained as the result of the police violating sec. 968.28, Stats.,[1] and thus should be suppressed under sec. 968.30(9)(a).[2] The issue is whether Smith's cordless

---

[1]Section 968.28 Stats., provides in part:

The attorney general ... may approve a request of an investigative or law enforcement officer to apply to the chief judge ... for an order authorizing or approving the interception of wire or oral communications. The chief judge may ... grant an order authorizing or approving the interception of wire or oral communications by investigative or law enforcement officers having responsibility for the investigation of the offense for which the application is made. The authorization shall be permitted only if the interception may provide or has provided evidence of the commission of the offense of ... *dealing in controlled substances* .... (Emphasis added.)

[2]Section 968.30(9)(a), Stats., provides:

Any aggrieved person in any ... hearing ... before any court ... of this state ... may move before the trial court or the court granting the original warrant to suppress the contents of any intercepted wire or oral communication, or evidence derived

telephone communications are wire or oral communications within the meaning of the Wisconsin Electronic Surveillance Control Law, secs. 968.27 to 968.33, Stats. Because we conclude that Smith's conversations were wire communications within the meaning of sec. 968.27(1),[3] and that therefore the police needed a warrant to intercept them, we reverse.

Smith used a cordless telephone to take orders for marijuana. The telephone broadcasts FM radio signals to a base transmitter which transmits the signal through telephone wires to the receiver. A neighbor accidently picked up Smith's radio signals, overheard discussions about marijuana, and contacted the police. The police monitored Smith's cordless telephone's frequency from April 9 through April 17, 1986 without court authorization, taping the conversations or making notes. Based on information gained from this monitoring, police obtained a warrant to search Smith's residence. As a result of the search, Smith was charged with possession of marijuana with intent to deliver, contrary to sec. 161.41(1m), Stats.

Smith moved to suppress any evidence derived or obtained from the recording of his cordless telephone conversations because they were intercepted in violation of sec. 968.27 to 968.33, Stats., and the fourth and fourteenth amendments to the U.S. Constitution. The trial court denied Smith's motion, reasoning that the cordless telephone was in effect a radio, and conversa-

therefrom, on the grounds that 1) the communication was unlawfully intercepted . . . .

[3]Section 968.27(1), Stats., provides in part:

"Wire communication" means any communication made . . . by the aid of wire, cable, *microwave* or other like connection . . . . (emphasis added).

tions made over the cordless telephone were not protected. Further, the court concluded that Smith had no legitimate expectation of privacy when he used the cordless telephone.[4] Smith pleaded guilty, and appealed.[5]

## STANDARD OF REVIEW

The interpretation of a statute presents a question of law which we review *de novo. State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). Where facts are undisputed, a question of law is presented, which we review with no deference to the trial court. *State v. Williams,* 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981).

Wisconsin's electronic surveillance law is based on 18 U.S.C. sec. 2510–2521. *State ex rel. Hussong v. Froelich,* 62 Wis. 2d 577, 596, 215 N.W.2d 390, 401 (1974). 18 U.S.C. sec. 2510(1) is the federal equivalent

---

[4]Because of our determination that the communications at issue are wire communications under sec. 968.27(1), Stats., we need not decide whether the communications are oral communications under sec. 968.27(2), which provides: "'Oral communication' means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." *See Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (if we decide case on one issue, we need not reach other issues). The trial court's determination that Smith had no reasonable expectation of privacy, a determination relevant only to sec. 968.27(2), is therefore not relevant to the dispositive issue of this appeal.

[5]Smith appeals the court's ruling on his motion to suppress pursuant to sec. 971.31(10), Stats., which provides in part: "An order denying a motion to suppress evidence ... may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty."

of sec. 968.27(1), Stats. There are two relevant distinctions between the two statutes, however. 18 U.S.C. sec. 2510(1) excludes from the statute's protection the radio portion of a cordless telephone communication.[6] In addition, 18 U.S.C. sec. 2510(1), provides in part: "'wire communication' means any aural transfer made ... by the aid of wire, cable, or other like connection," while sec. 968.27(1) provides in part: "'Wire communication' means any communication made ... by the aid of wire, cable, *microwave or other like connection* ...."[7] (Emphasis added.)

[6] 18 U.S.C. 2510(1), the definition of wire communication was amended in 1986 to specifically exclude the radio section of cordless telephone conversations. The amended section reads:

> "wire communication" means any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception (including the use of such connection in a switching station) furnished or operated by any person engaged in providing or operating such facilities for the transmission of interstate or foreign communications or communications affecting interstate or foreign commerce and such term includes any electronic storage of such communication, *but such term does not include the radio portion of a cordless telephone communication that is transmitted between the cordless telephone handset and the base unit;* (emphasis added).

[7] In Carr, *The Law of Electronic Surveillance* sec. 2.4, p. 2–13 (2nd Ed. 1987), the author notes that several states which had allowed court-ordered electronic surveillance before Title III subsequently conformed their legislation to Title III. Other states have legalized electronic surveillance for the first time, patterning their laws after Title III. The author lists thirty-one states which have in some fashion patterned their electronic surveillance laws after Title III.

We have examined the definitions of "wire communication" in the statutes on electronic surveillance in each of the following thirty-one jurisdictions: Arizona, Colorado, Connecticut, Delaware,

Wisconsin's statute is more restrictive than 18 U.S.C. sec. 2510(1). Congress intended to permit state electronic surveillance laws to be more restrictive than the federal statute. *Commonwealth v. Vitello,* 327 N.E.2d 819, 833 (Mass. 1975). "The legislative history of [18 U.S.C. secs. 2510–2521] clearly indicates that Congress intended to permit state electronic surveillance laws to be more restrictive than the federal provisions, and therefore more protective of individual privacy." (Footnote omitted.) Carr, *Law of Electronic Surveillance* sec. 2.4(a), p. 2–14 (2nd Ed. 1987).

The state cites several cases which held that the 18 U.S.C. sec. 2510(1) definition of "wire communication" does not encompass the radio portion of a cordless telephone communication, even before Congress amended it to specifically exclude such protection.[8] However, because Wisconsin's statute is

District of Columbia, Florida, Georgia, Hawaii, Idaho, Kansas, Louisiana, Maryland, Massachusetts, Minnesota, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Utah, Virginia, Washington, Wisconsin, and Wyoming.

Of all of the jurisdictions listed, only Wisconsin specifically includes "microwave" in its definition of "wire communication."

[8]*See Edwards v. Bardwell,* 632 F. Supp. 584, 587 (M.D. La.) *aff'd,* 808 F.2d 54 (5th Cir. 1986) (an automobile radio-telephone conversation was not protected under 18 U.S.C. sec. 2510(1) because the operator, when using the radio telephone, was in every respect the equivalent of a "ham" radio station); *Dorsey v. State,* 402 So. 2d 1178, 1183–84 (Fla. 1981) (beeper message was not "wire communication" within meaning of state statute patterned after 18 U.S.C. sec. 2510(1)); *State v. Howard,* 679 P.2d 197, 204 (Kan. 1984) (communication between cordless telephone and base unit was not "wire communication" within the meaning of state

more restrictive than 18 U.S.C. sec. 2510(1), these cases are not persuasive.

Wisconsin's statute not only protects communications broadcast from a transmitter to a receiver by means of microwave, but adds "other like connection" to the protected method of audio transmission. Microwaves are "super high frequency radio waves." *Edwards v. Bardwell,* 632 F. Supp. 584, 588 (M.D. La.), *aff'd,* 808 F.2d 54 (5th Cir. 1986). A cordless telephone also uses radio waves. A microwave transmitter and a cordless telephone both use the air to transmit voice communications which are susceptible to interception by persons wishing to eavesdrop on telephone conversations. Microwaves and radiowaves are "like connections."

Secs. 968.27 to 968.33, Stats., reflect two purposes: to protect the privacy of Wisconsin residents,[9] and to permit electronic surveillance, but only under court supervision. This is emphasized by Attorney General Warren's analysis of the bill which became secs. 968.27 to 968.33, introduced in 1969 as Assembly Bill 860 at the request of the Department of Justice:

statute patterned after 18 U.S.C. sec. 2510(1)—court concluded Congress did not intend that such conversations be protected under the statute); *State v. Delaurier,* 488 A.2d 688, 694 (R.I. 1985) (court concluded that construing 18 U.S.C. sec. 2510(1) definition of "wire communication" to include the radio portion of cordless telephone communications would produce absurd results).

[9]Insuring the privacy of telephone conversations is a policy decision, the effect of which extends beyond the criminal law. An interpretation of secs. 968.27 to 968.33, Stats., permitting unlimited interception of cordless telephone conversations, would free curious citizens with portable radio scanners to listen and repeat the private conversations of their neighbors, and encourage tasteless but enthusiastic media employees to listen and report on titillating conversations they overheard.

I do not advocate, and, indeed, this bill opposes the indiscriminate or uncontrolled or unsupervised use of electronic surveillance by law enforcement officers or agencies. I am unalterably opposed to any electronic surveillance by private individuals or corporations. The latter ought to be completely prohibited and violations severely punished, and *law enforcement usage should be allowed only upon court approval and supervision.* Moreover, unauthorized electronic surveillance by law enforcement personnel should be punishable as a criminal offense. (Emphasis added.)

Congress has granted electronic surveillance authority to federal law enforcement officers and agencies, but upon strict limitations, the primary one being prior court authorization. The state legislatures can do likewise with regard to state and local law enforcement needs and efforts ....

Chapter 427, Laws of 1969 drafting record (Wisconsin Legislative Reference Bureau, LRB 3776).

■ Because the police did not have court approval to listen to and tape Smith's cordless telephone conversations, his conversations were intercepted in violation of secs. 968.27 to 968.33, Stats. Any evidence derived from those conversations must be suppressed under sec. 968.30(9)(a).

*By the Court.*—Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.