KASIK, Appellant, vs. JANSSEN and another, Respondents.

*October 28—November 17, 1914.*

*Conspiracy: Pleading: Equity: Taxpayer's action: Officers: Implied powers: Chief of police: Regulations: Requiring policemen to have uniforms made by one tailor: Restraint of trade: Action, who may maintain.*

1. General averments of conspiracy in a complaint must be construed to mean a concert of agreement and action on the part of the defendants to do the act alleged and complained of, and if such act is legal and proper and of such nature that it can only be done by concerted action an allegation that the conspiracy is unlawful is merely an erroneous conclusion.

2. Equity will not interfere with the rules or orders of an administrative officer at the suit of a taxpayer unless the taxpayer and his class have sustained or will sustain some pecuniary loss therefrom.

3. In addition to powers expressly conferred upon him by statute, an officer has by implication such further powers as are necessary for the due and efficient exercise of the powers expressly granted.

4. Authority expressly given to the chief of police of a city to prescribe rules for the government of the members of the police force covers all those disciplinary regulations which experience has shown to be valuable and to promote obedience and efficiency.

5. A regulation prescribed by such chief of police requiring all members of the force to have their uniforms made by one tailor designated by such chief is not in unreasonable restraint of trade and is not unreasonable or invalid so long as no overcharge is imposed on the members of the force and so long as they do not complain of such overcharge.

[6. Whether a tailor and manufacturer of clothing could maintain an action in equity, on behalf of himself and others similarly situated, to call in question the legality of such a regulation, not determined.]

APPEAL from orders of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley* and *Mr. W. B. Rubin.*

For the respondent *Janssen* there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and oral argument by *Mr. McIntyre.*

For the respondent *Reilly* there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Ralph Hoyt.*

TIMLIN, J.   The appellant, describing himself as a citizen and freeholder, resident, taxpayer, tailor, and manufacturer of clothing, brought this suit in his own behalf and in behalf of all others similarly situated against the respondent *John T. Janssen,* chief of police, and *Joseph G. Reilly,* a

tailor and manufacturer of clothing, all of the city of Milwaukee.

It appears from the complaint that members of the police force are required to wear uniforms and procure them out of their own means; that the chief of police and *Reilly* conspired together to cause or allow the business of supplying these uniforms to be given to *Reilly.* The chief of police compels the policemen to purchase clothing and equipment from the defendant *Reilly* and forbids them procuring the same elsewhere. The effect of this is to stifle competition and create a monopoly for the benefit of *Reilly* and of the chief. The plaintiff and others like him have a lawful right to compete with *Reilly* and to bid for and obtain the work of supplying the said uniforms and equipment, and the plaintiff is able and prepared to do so at a cost of twenty per cent. below the prices which *Reilly* is charging. Plaintiff has brought this situation to the notice of the chief and offered to supply the equipment aforesaid at the reduction mentioned and to give a bond in any reasonable amount with sureties of abundant responsibility binding him to do so. To this offer the chief paid no attention. Averments relative to the discharge by the chief of certain members of the police force who undertook to discuss the propriety or validity of this order made by the chief are also found in the complaint. The general averments of conspiracy found in the complaint must be construed to mean a concert of agreement and action on the part of the defendants to do the act set forth and complained of in the complaint, and if this act is legal and proper and of such nature that it can only be carried out by concerted action the result merely is that the pleader's conclusion that there was an illegal or actionable conspiracy is erroneous.

On this complaint a temporary injunction was issued *ex parte* by a court commissioner. The defendant *Reilly* moved on affidavits and order to show cause to vacate this injunc-

tional order, and the plaintiff met these affidavits with counter affidavits. After having demurred to the complaint the defendant *Janssen* moved generally to vacate the injunctional order, and both motions were heard and decided, the first on the 25th and the second on the 26th day of February, 1914. The appeal is from these two orders. The affidavits in support of the motion to vacate the injunctional order were to the effect that the charges of *Reilly* were not unreasonable or above the market price, and that question of fact must be deemed concluded on this appeal favorably to the respondents by the decision of the circuit court.

The complaint fails to show that the taxpayers of the city will sustain any pecuniary loss by reason of the order of the chief of police complained of. The uniforms and equipment of the policemen are not paid for out of the public treasury. There is therefore no ground for the maintenance of a taxpayer's suit. Equity does not interfere with the rules or orders of an administrative officer at the suit of a taxpayer unless the taxpayer and his class have sustained or will sustain some pecuniary loss therefrom. Policemen are required to pay out of their own means for the uniforms and equipment, but the plaintiff is not a policeman. He is therefore not a person aggrieved upon this latter ground. There is no statute requiring competitive bidding for the contract of furnishing such uniforms; hence no support for the injunction on that ground. *Allen v. Milwaukee,* 128 Wis. 678, 683, 106 N. W. 1099; *Dean v. Borchsenius,* 30 Wis. 236, 247.

This reduces the question down to the right of the plaintiff to maintain a suit in equity, as a tailor and manufacturer of clothing, to set aside an administrative order of a public officer and prohibit persistence in it or enforcement of such order on the ground that the order is in restraint of competition and therefore invalid.

In addition to powers expressly conferred upon him by

statute, an officer has by implication such additional powers as are necessary for the due and efficient exercise of the powers expressly granted or such as may be fairly implied from the statute granting express powers. Throop, Pub. Off. § 542, citing *Haynes v. Butler,* 30 Ark. 69; *Pennington v. Gammon,* 67 Ga. 456; *Sherlock v. Winnetka,* 68 Ill. 530, and many other cases, among them *State ex rel. Carpenter v. Hastings,* 10 Wis. 518. For illustration: A register of deeds may make reasonable regulations relative to the use of the records by the public. *Hanson v. Eichstaedt,* 69 Wis. 538, 35 N. W. 30; *People ex rel. German-American L. & T. Co. v. Richards,* 99 N. Y. 620; *Burton v. Tuite,* 78 Mich. 363, 44 N. W. 282.

Administrative officers have a limited power to make and enforce rules and regulations consistent with and supplementary to the statutes under which they act. This power varies according to the nature and necessities of the office, embracing in one extreme the humble office and limited powers of the register of deeds of a county and in the other the extensive and far-reaching rules and regulations of the treasury, or of the interior department of the United States government. *U. S. v. Eaton,* 144 U. S. 677, 12 Sup. Ct. 764.

We have, however, in the instant case express authorization to "prescribe rules for the government of" the members of the police force. Sub. 23, sec. 959—46*d,* Stats. This statute does not describe the nature or kind of rules which the chief of police is empowered to prescribe, further than that they be for the government of the members of the police force. But from the rule as stated in Throop, *supra,* and the language of the statute we must infer that the authority covers all those disciplinary regulations which experience has shown to be valuable and to promote obedience and efficiency. It is said there are 500 members of this police force. The public is vitally interested in the efficiency and discipline of the police force, quite as much so as it is in the rule that trade

be not restrained. Discipline, which is in itself a great thing and indispensable to efficiency, is promoted by many small details. We know from observation that badges and epaulets and uniforms and other insignia of distinction and identification are useful in promoting and maintaining discipline. Indeed, it is scarcely denied by the learned counsel for appellant that the chief of police may prescribe the uniform to be worn by his subordinates, but it is argued that he must not do so by rule or regulation which is in restraint of trade, and that the rule in question has this vice. But in order to have the effect of avoiding a contract or ordinance there must be not only a restraint of trade but an unreason-able restraint. *Eureka L. Co. v. Long,* 146 Wis. 205, 208, 131 N. W. 412; 22 Cyc. 66; *Hayes v. Appleton,* 24 Wis. 542.

We cannot think that a regulation requiring all members of the police force to have their uniforms made by one tailor designated by the chief of police, whereby the chief can better control the uniformity of texture and design, is in unreasonable restraint of trade. The object to be brought about is within the scope of the authority of the police chief, and whether this can be best accomplished by filing measurements of the men with specifications of design and quality and workmanship and calling for bids on these measurements and specifications, or in the mode here attempted, is for the chief to decide, so long as there is no overcharge imposed on the members of the police force and so long as the latter do not complain of such overcharge.

There being in our view of the matter nothing unreasonable or oppressive about the regulation and no unreasonable restraint of trade, it seems the regulation should be held valid. In so passing upon the validity of the regulation we do not mean to decide that the plaintiff as a tailor and manufacturer of clothing could maintain an action in a court of equity to call in question the legality of this regulation.

*Judd v. Fox Lake,* 28 Wis. 583, 587; *Pedrick v. Ripon,* 73 Wis. 622, 41 N. W. 705; *Bell v. Platteville,* 71 Wis. 139, 36 N. W. 831; *Stone v. Oconomowoc,* 71 Wis. 155, 36 N. W. 829. So, without determining whether the plaintiff has any right to maintain this action as a tailor and manufacturer of clothing for himself and others similarly situated, we must hold the regulation complained of valid.

*By the Court.*—Orders affirmed.