Dr. Thomas RADMER, D.D.S., Plaintiff-
Respondent,

v.

Ms. Marlene S. EDELL, Defendant-Appellant.†

Court of Appeals

No. 86–0111. Submitted on briefs August 27, 1986.—Decided
September 17, 1986.

(Also reported in 395 N.W.2d 629.)

For the defendant-appellant, the cause was submitted on the briefs of *Steven A. Taterka*, of *Legal Action of Wisconsin*, of Milwaukee

For the plaintiff-respondent, the cause was submitted on the brief of *Terry Iaquinta*, of *Madrigrano Law Firm*, of Kenosha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

NETTESHEIM, J. We previously granted Marlene S. Edell's petition for leave to appeal a nonfinal order of the trial court which vacated a court commissioner's ruling dismissing Dr. Thomas Radmer's small claims action for failure to appear at a "pretrial" hearing following an initial appearance. The circuit court held that the court commissioner lacked authority to issue the order. We agree and affirm.

The small claims summons directed Edell to appear on the return date, August 7, 1985. The record in this case does not contain a transcript of any of the pertinent proceedings conducted before the court commissioner. Nor does the record include any minutes or docket entries made by the clerk relative to proceedings before the court commissioner. The party's briefs and appendixes, however, are not in essential dispute as to what occurred at these proceedings.[1] We therefore rely on these representations.

On the return date, Radmer appeared by counsel and Edell appeared pro se before Court Commissioner William Rose. Commissioner Rose gave Edell ten days within which to answer and scheduled the matter for further proceedings before him on August 21, 1985. The clerk's notations on the file jacket note that these further proceedings were for purposes of a pretrial.

Radmer failed to appear at the pretrial. Edell, now represented by counsel, requested dismissal of the complaint based upon the failure to appear. Commissioner Rose granted the dismissal motion.

Thereafter, Radmer moved the circuit court to vacate the commissioner's dismissal order pursuant to

---

[1] We acknowledge that the parties do dispute whether the initial continuance ordered on the return date was for purposes of a pretrial or merely a continuance of the return date.

411

sec. 799.29, Stats. This statute permits the reopening of default judgments upon "good cause shown." *See* sec. 799.29(1)(a). The circuit court concluded that the court commissioner was without authority to enter the order and granted the motion vacating the judgment of dismissal.[2]

Among the written conclusions of law made by the circuit court is a recital that "§ 799.207, Wis. Stats., does not apply to Kenosha county since such county is not a 'populous county.'" While Edell's brief is devoted, in part, to refuting this conclusion, a reading of the transcript of the motion hearing persuades us that the circuit court's ruling as to the authority of the court commissioner is more broadly based. Ultimately, the conclusion of the circuit court is that Commissioner Rose, irrespective of Kenosha county's "populous county" status, lacked authority to dismiss Radmer's small claims complaint.

We have previously judicially noticed that Commissioner Rose is a parttime court commissioner appointed by a circuit judge, subject to the approval of a majority of the circuit judges of Kenosha county, pursuant to sec. 757.68(2), Stats. Commissioner Rose is not a court commissioner appointed pursuant to sec. 757.68(1)(a) or (b) whereby a county board creates the court commissioner position.

The authority of a small claims court commissioner as delineated in the small claims statutes, secs. 799.206 and 799.207, Stats., and as further expanded in sec. 757.695, Stats., applies *only* when the commissioner's

---

[2] Proceedings before the circuit court did not address considerations of "good cause" within the meaning of sec. 799.29(1)(a), Stats., because the circuit court concluded the court commissioner was without authority to enter judgment of dismissal in the first place.

position is a county board created position pursuant to sec. 757.68(1)(b), Stats.[3] Whether these status allow a court commissioner to enter a judgment of dismissal upon failure to appear need not be decided here.[4]

However, since Commissioner Rose is a judicially appointed court commissioner pursuant to sec. 757.68(2), Stats., his authority must be measured by the powers and duties generally conferred upon court commissioners pursuant to sec. 757.69. Insofar as small claims actions are concerned, such a court commissioner may only conduct initial return appearances and conciliation conferences. *See* sec. 757.69(1)(d), Stats. Nowhere does the statute grant authority to enter a judgment of dismissal.

The powers and duties of court commissioners are purely statutory. "In addition to powers expressly conferred upon him by statute, an officer has by implication

---

[3] Section 757.68(1)(b), Stats., states, in part:

In counties having a population of 100,000 or more but less than 500,000, the county board may establish one or more part-time or full-time court commissioner positions under par. (a) to assist in the administration of small claims type actions under ch. 799.

Section 799.206(1), Stats., states:

Populous counties; court commissioner. (1) In counties establishing at least one part-time or full-time court commissioner position under s. 757.68 (1)(b), all actions and proceedings commenced under this chapter shall be returnable before a court commissioner appointed under s. 757.68.

[4] *See* sec. 799.206(2), Stats., which empowers a small claims court commissioner to enter "[j]udgment on failure to appear," sec. 757.695(1), Stats., which authorizes a small claims court commissioner to "[g]rant and enter default judgments" and sec. 799.03, Stats., which provides that " 'court' does not mean court commissioner."

such additional powers as are necessary for the due and efficient exercise of the powers expressly granted or such as may be fairly implied from the statute granting express powers." *Kasik v. Janssen*, 158 Wis. 606, 609–10, 149 N.W. 398, 400 (1914). Section 757.69(1), Stats., which sets forth the statutory authority of a judicially appointed court commissioner, does not confer authority upon such a commissioner to enter a judgment of dismissal for failure to appear at a proceeding following the initial appearance. While it might be more efficient to grant such authority to such court commissioners, it certainly is not "necessary for the due and efficient exercise of the powers expressly granted."

It has been held that the authority of a court commissioner cannot be upheld upon mere inferences or implications, but rather must be expressly conferred by law. *Haight v. Lucia*, 36 Wis. 355, 360 (1874). The rigidity of this rule has been relaxed in cases where a general statutory authorization is sufficient to confer upon a court commissioner the power to conduct certain hearings. *See State ex rel. Perry v. Wolke*, 71 Wis.2d 100, 103–04, 237 N.W.2d 678, 679–80 (1976). But where it at least appears ambiguous as to the authority of a court commissioner, express statment of the authority may be required. *See Hessenius v. Schmidt*, 102 Wis.2d 697, 702–04, 307 N.W.2d 232, 235–36 (1981). Here, since the language in sec. 757.69(1)(d), Stats., authorizing a court commissioner to conduct initial appearances is at least ambiguous as to the authority to enter judgment upon failure to appear, and since such authority is not essential, we conclude an express grant of such authority is necessary.

*By the Court.*—Order affirmed.