STATE of Wisconsin, Plaintiff-Respondent,

v.

Tami A. MICHAELS, Defendant-Appellant.

Court of Appeals

*No. 87–0589. Submitted on briefs October 8, 1987.—Decided November 4, 1987.*

(Also reported in 417 N.W.2d 415.)

172

On behalf of the defendant-appellant, the cause was submitted on the brief of *Bruce J. Rosen,* of Madison and *William J. Stevens* of Chicago, Illinois.

On behalf of the plaintiff-respondent the cause was submitted on the briefs of *Gerald P. Ptacek,* district attorney of Racine county and *John J. Heinen,* assistant district attorney and *Donald J. Hanaway,* attorney general and *Jerome S. Schmidt,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Tami A. Michaels appeals from a judgment convicting her of operating a vehicle while intoxicated (OWI), contrary to sec. 346.63(1)(a), Stats. She contests only that portion of the judgment which denied her motion for expungement of the court record pursuant to sec. 973.015(1), Stats.

Michaels argues that the court commissioner had the authority to order the expungement and that the circuit court lacked the authority to prevent the expungement. We conclude that the court commissioner was without authority to order an expungement, an expungement was improper in a forfeiture action, and the circuit court had the authority to prevent a void order from taking effect. Therefore, we affirm the judgment.

Michaels had been charged with OWI under sec. 346.63(1)(a), Stats. Because it was her first offense, the

only allowable penalty was a forfeiture of not less than $150 nor more than $300. Sec. 346.65(2)(a), Stats. At a hearing before Court Commissioner Joseph Kremkoski, Michaels requested expungement of the record pursuant to sec. 973.015(1), Stats. The state stood silent on the issue of expungement, and the commissioner ordered the record expunged.

A hearing was held before the circuit court on the expungement issue. The court denied expungement on the grounds that it was unavailable in a forfeiture action and contrary to legislative intent when it involved an OWI conviction. Further, the court questioned the commissioner's authority to order expungements.

Dealing first with the court commissioner's authority, we note that the powers and duties of court commissioners are purely statutory. *Radmer v. Edell,* 133 Wis. 2d 410, 413, 395 N.W.2d 629, 631 (Ct. App. 1986). Where the existence of authority is ambiguous, an express statement of authority may be required. *Id.* at 414, 395 N.W.2d at 631. With respect to traffic cases, court commissioners are authorized by statute to:

> [c]onduct initial appearances in traffic cases and county ordinance cases, in traffic regulation cases and county ordinance cases receive noncontested forfeiture pleas, order the revocation or suspension of operating privileges and impose monetary penalties according to a schedule adopted by a majority of the judges of the courts of record within the county, and refer applicable cases to court for enforcement for nonpayment.

Sec. 757.69(1)(c), Stats.

Nowhere in this detailed list does the authority to expunge court records appear, nor is such authority "necessary for the due and efficient exercise of the powers expressly granted." *Radmer,* 133 Wis. 2d at 414, 395 N.W.2d at 631. Because an express grant of authority is lacking and no necessity for the authority is apparent, we conclude that the court commissioner was without authority to order expungement.

Further, it appears to us that expungement of a civil forfeiture is not contemplated by sec. 973.015(1), Stats. That section provides:

> **973.015 Misdemeanors, special disposition.** (1) When a person under the age of 21 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum penalty is imprisonment for one year or less in the county jail, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition.

To be applicable, the offense must be one "for which the maximum penalty is imprisonment for one year or less in the county jail." *Id.* The penalty for violating sec. 346.63(1)(a), Stats., is limited to a forfeiture; no imprisonment is allowed.

Michaels asks us to interpret sec. 973.015(1), Stats., to include not only imprisonment for less than one year, but also any penalty less than imprisonment. To the extent that Michaels claims the statute is ambiguous, we use the title of the statute, "Misde-

meanors, special disposition," to resolve such ambiguity. Although the title is not part of the statute, sec. 990.001(6), Stats., it can be persuasive of the statute's interpretation, *Pure Milk Prods. Coop. v. National Farmers Org.,* 64 Wis. 2d 241, 253, 219 N.W.2d 564, 571 (1974).

■
"Misdemeanor" and "forfeiture" are mutually exclusive terms. A misdemeanor is any *crime* other than one punishable by imprisonment in the state prisons, sec. 939.60, Stats., whereas "[c]onduct punishable only by a forfeiture is not a crime," sec. 939.12, Stats. Therefore, the use of the word "misdemeanor" in the title of sec. 973.015, Stats., convinces us that the ambiguity, if any, claimed by Michaels is easily resolved. We hold that sec. 973.015 applies only to misdemeanors, not forfeitures.

■
Michaels next contends that the trial court erred in acting *sua sponte* to prevent the court commissioner's order from taking effect, thus forcing Michaels to move the court for reinstatement of the commissioner's order. We have already determined, however, that the commissioner acted in excess of his jurisdiction when he ordered expungement. A void judgment or order may be expunged or vacated by a court at any time. *State v. Banks,* 105 Wis. 2d 32, 43, 313 N.W.2d 67, 72 (1981).

■
Michaels argues that the trial court should have complied with sec. 807.03, Stats., regarding the procedure for vacating and modifying orders. To the contrary, *Banks* states that the "right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying

■

orders or judgments." *Banks,* 105 Wis. 2d at 43, 313 N.W.2d at 72. We conclude that the trial court acted properly in preventing a void order from taking effect.

Michaels' final contention is that she was denied due process by being denied the benefit of a plea agreement (the expungement) after suffering the burden (a guilty plea). First, we note that the "benefit" promised by the prosecutor was nothing more than the state's silence on the issue of expungement. It is undisputed that the state stood silent on the expungement issue. Second, the trial court offered Michaels an opportunity to withdraw her plea, and she declined to do so.

■

Michaels cites *Santobello v. New York,* 404 U.S. 257, 262 (1971), for the proposition that the prosecutor must fulfill any promise which is part of the inducement for a plea agreement. We cannot see how the prosecutor could be held to have breached the agreement by standing silent on a disposition which the court commissioner—and in this instance, the trial court as well—lacked the authority to order. Furthermore, the trial court offered Michaels the opportunity to avoid the "burden" of the agreement by withdrawing her plea. We conclude that Michaels was not denied due process under *Santobello.*

*By the Court.*—Judgment affirmed.