ROBERT G. OTT, Corporation Counsel Milwaukee County
You ask two questions relating to the respective powers and duties of the state registrar of vital statistics and local registrars. Under section 69.01(15), Stats., "local registrar" means either the register of deeds responsible for filing vital records in the county or the city registrar responsible for filing certificates of births or certificates of births and deaths in his or her city.
Before stating and addressing your specific questions, it is important to recite some background information. Recent well-publicized events again have focused attention on the problem of persons who obtain false identification documents by using certified copies of birth certificates of deceased persons. You believe that those events have called into question the relative ease with which such certified copies can be obtained by those not legally entitled to them. The state registrar has recognized that the problem of fraudulent identification and the use of birth certificates to establish fraudulent identification is one of long standing and, further, one that is difficult to solve.
As it pertains to your questions, section 69.21(1)(a) provides that the state registrar and any local registrar shall issue a certified copy of a vital record to any person if the person submits a written request accompanied by the required fee. However, no registrar may issue any certified copy of a vital record if the event which is the subject of the vital record occurred after September 30, 1907, "unless the requester is a *Page 36 
person with a direct and tangible interest in the record" or unless the registrar has received a court order directing issuance of the vital record. Sec. 69.21(1)(a)2.a., Stats. Under paragraph b. of subdivision 2., all registrars also are prohibited from issuing any certified copy of "[a]ny information of the part of a birth certificate, marriage document or divorce report the disclosure of which is limited under s. 69.20(2)(a) unless the requester is the subject of the information."
Section 69.20(1) defines those persons who are deemed to have the necessary "direct and tangible interest" required under section 69.21(1). Generally speaking, this statute limits the availability of certified copies of birth certificates to the subject of the certificate, his or her immediate family or legal representative and any other person who demonstrates a direct and tangible interest when information is necessary for the determination or protection of a personal or property right. Anyone may obtain an uncertified copy but an uncertified copy must be stamped with a notation that it is uncertified thereby limiting its validity for identification purposes. Sec. 69.21(2), Stats.
Within the vital statistics system the state registrar has extremely broad powers and duties to administer and enforce all vital statistics statutes, direct the system of vital statistics and direct any activity related to the operation of the system. Sec. 69.03(1), (2) and (6), Stats. The local registrar is subject to the direction of the state registrar. Sec. 69.05(1), Stats. Under section 69.03(7) the state registrar is required to conduct training programs to promote uniformity of policy and procedure in the system of vital statistics.
The state registrar has provided some brief guidelines in his handbook distributed to all local registrars. In order to enforce the direct and tangible interest requirement for receiving certified copies, the state registrar recommends that walk-in requesters should show proof of identity unless known to the registrar in which case the registrar should enter "known *Page 37 
personally" on the application. The state registrar further directs that correspondence requests should be signed and have a return address to which the certificate is mailed.
In addition to the guidelines addressed to local registrars, the state registrar requires only a signed letter that states for whom the record is obtained and what that person's interest is. You specifically ask (1) whether the guidelines issued by the state registrar constitute legally sufficient direction on the issue of maintaining a reasonable level of compliance with the direct and tangible interest requirement of section 69.21(1)(a) and (2) whether the register of deeds may adopt and implement more stringent procedures notwithstanding the state registrar's disapproval of these methods.
It is your belief and that of the Milwaukee County Register of Deeds that these guidelines are not adequate to enforce a reasonable level of compliance with the direct and tangible interest requirement in cases of mail requests and telephone requests for copies that are billed to credit cards. The latter requests are referred to as "Comcheck" purchases.
In an attempt to solve at least part of the problem, the Milwaukee County Register of Deeds would like to implement certain procedures which have been developed with a goal of requiring that a mail or telephone requester of certified copies submit reasonable evidence that he or she is the person the requester claims to be. In response to this proposal, the state registrar has rejected the idea of more stringent procedures for a variety of reasons.
Neither reported decisions nor any applicable administrative rules specifically address these issues. However, your questions are answered by the vital statistics statutes and, to the extent that any interpretation is necessary, by the state registrar's interpretation of these mandates. In this latter respect, when the Legislature empowers an agency to apply and enforce a statute, the agency's interpretation of the statute is entitled to great weight and a rational basis will sustain its interpretation. School *Page 38 Dist. of Drummond v. WERC, 121 Wis.2d 126, 133,358 N.W.2d 285 (1984).
It is my opinion that the register of deeds, as the local registrar in this instance, has no authority to adopt and implement procedures more stringent than those mandated by statute or by the state registrar. A state official has only such authority as he or she is granted by statute or is reasonably implied. Kimberly-Clark Corp. v. Public Service Comm., 110 Wis.2d 455,461-62, 329 N.W.2d 143 (1983); Kasik v. Janssen, 158 Wis. 606,609-10, 149 N.W. 398 (1914). It is not the guidelines alone that constitute legally sufficient direction on the issue of maintaining a reasonable level of compliance but rather the vital statistics statutes and the interpretation thereof by the state registrar. Since the local registrar has a duty to "certify vital records . . . as directed by the state registrar" under section69.05(4), the statutory scheme does not provide for the local registrar to adopt more stringent policies nor may that authority reasonably be implied.
You indicate your awareness that the Legislature clearly has expressed an intent that policy and procedure in the system of vital statistics be uniform throughout the state citing section69.03(7). Some of the solutions you propose could not possibly be implemented in some areas of the state while others have been rejected by the state registrar for legal or practical reasons. As other local registrars might share these concerns, I believe that it would be beneficial to now state your local registrar's proposed solutions and the state registrar's response in rejecting these methods.
With the goal of requiring that a mail or telephone requester of certified copies submit reasonable evidence that he or she is the person the requester claims to be, the Milwaukee County Register of Deeds has proposed that:
 1. A mail-order request will not be processed if the return address is a post office box. *Page 39 
 2. Mail requests must include a copy of a driver's license, identification card, social security card or other similar proof of requester identity.
 3. Comcheck purchases will be denied unless requester ownership of the credit card number is verified. "Comcheck" is a credit card process which allows for emergency, same-day telephone sales. We enter the credit card number given over the phone into a computer. If the computer reports that the number is valid, we fulfill the request. We have concluded that credit card access alone is insufficient evidence for the purchase of a record.
The first proposal cannot be implemented fairly and effectively because some people have only a post office box mailing address in areas where the postal service does not deliver to street addresses. I fully realize that a post office box can be used for fraudulent concealment of one's true identity, but in most instances such boxes serve a valuable and lawful purpose. Milwaukee County's proposal would serve to deny some people the right to a certified copy, even when they were otherwise eligible, merely because they moved from Milwaukee County to an area in which there is no home delivery service of mail. Outside Milwaukee County in areas where only post office boxes are used, your plan would be totally unworkable or violative of the uniformity requirement of section 69.03(7). Even if this proposal served to resolve most or all of Milwaukee County's problems, it arguably would create greater problems if applied on a statewide basis.
Requiring enclosed copies of identifying documents has been considered and rejected by the state registrar, even though there would be no statutory impediment to adoption of this additional requirement. Because such documents are easily altered, the state registrar has determined that this action would not prevent fraud, would increase the burden on the public and would result in an additional workload that would exceed available resources. *Page 40 
In the case of telephone credit card requests, the credit card is checked immediately through Comcheck for validity. Therefore, the state registrar believes that this constitutes a better identification process than now exists through the mail. He further believes that it would be counterproductive to refuse this service because some people are in desperate and immediate need of a certified birth certificate. I find no legal or practical basis to disagree in any respect with the state registrar's observations and policies. The vital statistics system is not without protection against the illegal practices you seek to eliminate. The state registrar has a program to match birth and death records and thereafter to note on the birth record that the person is deceased. Further, with the repeal and recreation of section 69.24(1)(b) under 1985 Wisconsin Act 315, effective November 1, 1986, it now is a felony to fraudulently obtain a certified copy of a birth certificate carrying a fine of not more than $10,000 or imprisonment of not more than two years or both.
JED:DPJ *Page 41