KENOSHA COUNTY, Plaintiff-Respondent,

v.

Blaire A. FRETT, Defendant-Appellant.†

Court of Appeals

*No. 2014AP6. Submitted on briefs October 27, 2014.
—Decided November 19, 2014.*

2014 WI App 127

(Also reported in 858 N.W.2d 397.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew R. Walter* of *Walter Law Office LLC*, Elkhorn.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Tracey L. Braun*, assistant district attorney, Kenosha.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J.    Blaire Frett appeals the circuit court order denying her motion pursuant to Wɪs.

247

STAT. § 973.015 (2011–12)[1] to expunge the record related to a Kenosha County ordinance violation for which she paid a forfeiture. Based upon the plain language of that statute, we conclude § 973.015 provides no authority for circuit courts to expunge the record related to such civil forfeiture violations. We affirm.

## Background

¶ 2. In 2012, Frett was cited for "underage consumption/possession of alcohol" pursuant to a Kenosha County ordinance. She pled to an amended charge of littering pursuant to a different Kenosha County ordinance and was ordered by a court commissioner to pay a forfeiture. According to circuit court docket entries in the record and referenced by Frett in this appeal, she paid the forfeiture on October 15, 2012.

¶ 3. Approximately one year after paying the forfeiture, Frett moved the circuit court to expunge the record. The court denied the motion after a hearing. Frett appeals.[2]

## Discussion

¶ 4. This appeal requires us to interpret and apply WIS. STAT. § 973.015. Interpretation and application of a statute is a matter of law we review de novo. *Moua v. Northern States Power Co.*, 157 Wis. 2d 177, 184, 458 N.W.2d 836 (Ct. App. 1990). "We interpret a statute by

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] This appeal was converted from a one-judge appeal to a three-judge appeal under WIS. STAT. RULE 809.41(3).

looking at the text of the statute. The statutory language is examined within the context in which it is used." *State v. Matasek*, 2014 WI 27, ¶ 12, 353 Wis. 2d 601, 846 N.W.2d 811. Further, we are to consider "the role of the relevant language in the entire statute." *Alberte v. Anew Health Care Servs., Inc.*, 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515.

¶ 5. WISCONSIN STAT. § 973.015 provides in relevant part as follows:

> **Special disposition. (1)** (a) . . . [W]hen a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law *for which the maximum period of imprisonment is 6 years or less,* the court may order at the time of sentencing that the record be expunged *upon successful completion of the sentence* if the court determines the person will benefit and society will not be harmed by this disposition . . . .
>
> . . . .
>
> (c) No court may order that a record of a conviction for any of the following be expunged:
>
> > 1. A Class H felony, if the person has, in his or her lifetime, been convicted of a prior felony offense, or if the felony is a violent offense, as defined in [WIS. STAT. §] 301.048(2)(bm), or is a violation of [WIS. STAT. §§] 940.32, 948.03(2) or (3), or 948.095.
> >
> > 2. A Class I felony, if the person has, in his or her lifetime, been convicted of a prior felony offense, or if the felony is a violent offense, as defined in [WIS. STAT. §] 301.048(2)(bm), or is a violation of [WIS. STAT. §] 948.23(1)(a).
>
> **(2)** A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, the probation has not been revoked and the probationer has satisfied the-

conditions of probation. *Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record.* If the person has been imprisoned, the detaining authority shall also forward a copy of the certificate of discharge to the department. (Emphasis added.)

Frett contends § 973.015 includes forfeitures within its scope. We disagree.

¶ 6.    Looking to the language of the statute, para. (1)(a) provides that a court may order expunction "when a person is under the age of 25 at the time of the commission of an offense for which the person has been found guilty in a court *for violation of a law for which the maximum period of imprisonment is 6 years or less.*" (Emphasis added.) We read this language as indicating that law violations for which expunction is available relate to laws that include some "period of imprisonment." Thus, where there is no "period of imprisonment" associated with a law, that law is not one to which Wis. Stat. § 973.015 applies. As Frett acknowledges on appeal, the county ordinance she violated included no potential period of imprisonment. *See* Kenosha County, Wis., Ordinance § 9.287.81 (2009) (providing that the penalty for violation of this ordinance "is a forfeiture of not less than $25 nor more than $500"); *see also State ex rel. Keefe v. Schmiege*, 251 Wis. 79, 84–86, 28 N.W.2d 345 (1947) (holding that municipalities and counties do not have the power to impose a penalty of imprisonment for violation of an ordinance other than as a means of enforcing payment). Therefore, expunction is not an option for Frett's civil littering violation.

250

¶ 7.  This interpretation is bolstered by language in WIS. STAT. § 973.015 establishing the process for effectuating expunction. Paragraph (1)(a)provides that "the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence." Subsection (2) states that expunction is to be effectuated as follows:

> Upon successful completion of the sentence *the detaining or probationary authority* shall *issue a certificate of discharge* which shall be forwarded to the court of record and which shall have the effect of expunging the record. If the person has been imprisoned, the detaining authority shall also forward a copy of the certificate of discharge to the department. (Emphasis added.)

This language indicates that expunction under § 973.015 applies to law violations where detention (or probation) can be ordered upon conviction. With Frett's civil forfeiture violation, neither detention nor probation could have been ordered. There also would be no issuance of a "certificate of discharge" related to the littering violation. The legislature simply provided no mechanism for expunction of a record following payment of a civil forfeiture.

¶ 8.  In *State v. Michaels*, 142 Wis. 2d 172, 176–77, 417 N.W.2d 415 (Ct. App. 1987), we clearly held that WIS. STAT. § 973.015 did not apply to civil forfeiture violations. However, in 2009, the legislature revised the statute. Frett cites to *Melody P.M.*, an unpublished one-judge decision of this court that held *Michaels* no longer controls the issue because of that statutory revision and, as revised, § 973.015(1)(a) *does* apply to civil forfeiture violations. *State v. Melody P.M.*, No. 2009AP2994, unpublished slip op. ¶¶ 4–7 (WI App June 10, 2010). We herein interpret revised § 973.015

251

differently than in *Melody P.M.*, and because that decision is unpublished, we may do so. *See* WIS. STAT. RULE 809.23(3)(b).

¶ 9. Frett relies upon the *Melody P.M.* court's conclusion that revised WIS. STAT. § 973.015 applies to civil forfeiture violations because the revision changed the title of the provision from "Misdemeanors, special disposition" to just "Special disposition" and with this change "there is nothing in the plain language of § 973.015 limiting its application to only misdemeanor offenses." *See Melody P.M.*, No. 2009AP2994, unpublished slip op. ¶ 7. We agree the 2009 statutory revision expanded application of § 973.015 beyond just misdemeanors; however, we conclude that the expansion did not include forfeitures. Rather, the revision to the title as well as changes to language within the statute appear to have been for the purpose of expanding application from solely misdemeanors to also providing expunction as an option for certain felony convictions for which the maximum period of imprisonment is six years or less. Nothing in the language of revised § 973.015 indicates that the legislature intended to expand that statute to apply to civil forfeiture violations, and, as previously explained, the language of the statute clearly indicates that expunction is only available under this provision for misdemeanors and the identified felonies.

¶ 10. While we conclude that the language of the statute unambiguously demonstrates it does not apply to civil forfeiture violations, and thus there is no need to look to legislative history, we nonetheless note that the legislative history supports our reading of WIS. STAT. § 973.015. The revision to § 973.015 was made within the 2009–10 budget bill, 2009 Wis. Act 28. *See* 2009 Wis. Act 28, §§ 3384–86. The drafting file contains the

Legislative Reference Bureau analysis on an early draft of the proposed revision, explaining the proposal as follows:

> Under current law, when a person is found guilty of a misdemeanor that the person commits before he or she was 21, the sentencing court may order that the record of the conviction be expunged when the person completes his or her sentence . . . .
>
> Under this bill, a person is eligible to have his or her record of a conviction expunged *if the conviction is for a misdemeanor or a nonviolent Class H or Class I felony* that was committed before the person reached the age of 25 and the other current requirements of expungement are met.

Drafting File for 2009 Wis. Act 28, Analysis by the Legislative Reference Bureau of 2009 A.B. 75 (emphasis added). A Legislative Fiscal Bureau (LFB) paper related to this statutory revision and prepared prior to its adoption in the budget states: "In his Budget in Brief, the Governor indicated his intent to expand eligibility for record expungement *to include 'Class H to I felonies.'* " LFB, Expunging Record of Conviction (Circuit Courts), Paper #245 to Joint Committee on Finance, at 2 (Apr. 21, 2009) (emphasis added). At the time this paper was issued, based on the plain language of the statute and our interpretation in *Michaels*—and as referenced in the LFB paper itself—§ 973.015 only applied to misdemeanors and did not apply to felonies or forfeitures. Thus, we read this statement in the paper to indicate the intent to only expand the applicability of the statute from solely providing expunction as an option for misdemeanors to also providing it as an option for certain identified felonies. Further, we note that the LFB's comparative summary of Act 28, issued

253

shortly after enactment of the act,[3] describes the expunction revision as "expand[ing] the eligible offenses to include non-violent Class H or I felonies." LFB, 2009–10 Wis. State Budget, Comparative Summary of Budget Recommendations, Circuit Courts, at 306.

■

¶ 11.   When the legislature revised the expunction statute in 2009, our ruling in *Michaels* that WIS. STAT. § 973.015 did not apply to civil forfeiture violations was the controlling law on the issue, and the legislature is presumed to "kn[o]w the case law in existence at the time it change[s] the statutes." *Blazekovic v. City of Milwaukee*, 225 Wis. 2d 837, 845, 593 N.W.2d 809 (Ct. App. 1999). Thus, one would expect that if the legislature intended § 973.015 to thereafter apply to civil forfeiture violations in addition to misdemeanors and the identified felonies, it would have demonstrated that intent with plain language to accomplish that objective. Instead, the legislature adopted language indicating a clear intent for the statute to only apply to misdemeanors and the identified felonies.

■

¶ 12.   For the foregoing reasons, we conclude that WIS. STAT. § 973.015 does not apply to civil forfeiture violations.

*By the Court.*—Order affirmed.

■

[3] 2009 Wis. Act 28 was enacted on June 29, 2009, and the LFB comparative summary was issued in August 2009.