COURT OF APPEALS
DECISION
DATED AND FILED

August 7, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP300**

Cir. Ct. No. **2024TR1316**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

WAUSHARA COUNTY,

    PLAINTIFF-RESPONDENT,

V.

BEATRICE BRUNING,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Waushara County: SCOTT C. BLADER, Judge. *Reversed and cause remanded with directions*.

¶1 GRAHAM, P.J.[1] In this appeal, Beatrice Bruning challenges the result of a contested trial regarding a traffic citation that was issued to Bruning for failing to control her vehicle. A court commissioner presided over the trial, found

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

Bruning guilty, and imposed a monetary forfeiture, and the circuit court denied Bruning's request to overturn the commissioner's decision. Because Waushara County now concedes that court commissioners are not statutorily authorized to preside over trials of contested traffic matters, I conclude that the commissioner's decision is void, and that Bruning is entitled to relief under WIS. STAT. § 806.07(1)(d) on that basis. I therefore remand to the circuit court with directions to vacate the commissioner's decision so that litigation may proceed in the proper forum.

## BACKGROUND

¶2 About 7:00 a.m. one day, a sheriff's deputy encountered Bruning's unoccupied vehicle in a ditch alongside a county road. Bruning arrived on the scene while the deputy was present. She indicated that she had lost control of her vehicle earlier that morning, around 1:00 a.m., after she swerved to avoid hitting a deer that suddenly entered the roadway. The deputy observed skid marks on the pavement and the position of Bruning's vehicle, and he concluded that the vehicle had crossed the center line of the road and spun 180 degrees before entering the ditch. The deputy issued two citations to Bruning: one for operating her vehicle left of center and one for failing to keep her vehicle under control.

¶3 Bruning challenged the citations, and the case went to trial before a court commissioner. Bruning, who represented herself, argued that she was not guilty of either violation because her actions were justified by the emergency doctrine. *See generally* ***Totsky v. Riteway Bus Serv., Inc.***, 2000 WI 29, ¶¶21-23, 233 Wis. 2d 371, 607 N.W.2d 637 (addressing a defense that may apply under certain emergency circumstances, when the person claiming the defense is "'free from negligence which contributed to the creation of the emergency'" (citation

2

omitted)). The commissioner concluded that the emergency doctrine was inapplicable because, the commissioner determined, Bruning had been driving too fast under the circumstances.

¶4     The commissioner found Bruning guilty of failing to keep her vehicle under control and entered a "dispositional order/judgment" that imposed a forfeiture of $213.10. The commissioner dismissed the other citation after concluding that any operation of the vehicle left of center was subsumed in the failure-to-control violation.

¶5     Bruning filed a notice of appeal. After the record on appeal was compiled and submitted to this court, we dismissed Bruning's appeal for lack of jurisdiction. As we explained in our dismissal order, judgments and orders that are entered by a commissioner are not directly appealable to this court. We further explained that appeals may be taken only from a judgment or order that is entered by a circuit court. WIS. STAT. RULE 809.01(1); *see Dane County v. C.M.B.*, 165 Wis. 2d 703, 708-09, 478 N.W.2d 385 (1992).

¶6     Bruning then filed a document in the circuit court titled "Motion for Reconsideration of Conviction." The motion raised several evidentiary arguments and made other claims of trial error. It also cited WIS. STAT. § 757.69, which sets forth the powers of court commissioners, and asserted that the commissioner was not authorized to preside over the trial on Bruning's citation.

¶7     The day after Bruning's motion was filed, the circuit court issued a written order denying it. The court construed Bruning's motion as a request for de novo review of the commissioner's decision and denied it on the ground that the deadline to request a de novo review had passed. This was an appealable order, and Bruning appealed it.

**ANALYSIS**

¶8      Bruning maintains that the court commissioner lacked the authority to preside over the trial.  Case law provides that court commissioners have limited powers, and Bruning cites WIS. STAT. § 757.69, which establishes the "[p]owers and duties of circuit court commissioners."

¶9      While a circuit court has subject matter jurisdiction over "actions of any nature whatsoever," *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶8, 273 Wis. 2d 76, 681 N.W.2d 190 (internal quotation marks and quoted source omitted), a court commissioner's powers and duties are "purely statutory," *Radmer v. Edell*, 133 Wis. 2d 410, 413, 395 N.W.2d 629 (Ct. App. 1986).  If the statutes do not confer on a commissioner the authority to conduct a given proceeding, the commissioner lacks subject matter jurisdiction to do so.  *State v. Banks*, 105 Wis. 2d 32, 41, 313 N.W.2d 67 (1981).  A commissioner's decision in a proceeding over which the commissioner lacks subject matter jurisdiction is "void ab initio" and may be challenged or expunged at any time.  *Id.* at 43-44.

¶10      WISCONSIN STAT. § 757.69(1)(c) addresses a court commissioner's powers and duties with regard to traffic and county ordinance matters.  It provides that a commissioner may "[c]onduct initial appearances in traffic cases[,] … receive noncontested forfeiture pleas, order the revocation or suspension of operating privileges and impose monetary penalties according to a schedule adopted by a majority of the judges of the courts of record within the county, and refer applicable cases to court for enforcement for nonpayment."  As Bruning points out, presiding over a trial of a traffic or county ordinance case is not among the enumerated powers and duties of a commissioner.  Moreover, the statute specifically limits the commissioner to receiving "noncontested" forfeiture pleas.

¶11 In its respondent's brief on appeal, the County concedes that, "upon its review of WIS. STAT. [§] 757.69, … the powers of the Circuit Court Commissioner do not include presiding over contested traffic and county ordinance trials." I accept the County's concession, which appears to be consistent with the statutory text.

¶12 As noted above, the motion for reconsideration that Bruning filed with the circuit court pointed out the court commissioner's lack of statutory authority to preside over the trial. The court construed Bruning's motion as a request for de novo review under WIS. STAT. § 799.207 and denied it as untimely.[2] But Bruning's motion did more than simply ask the court to review the matter the commissioner had tried—it also pointed out that the commissioner exceeded her authority in trying the case at all. That is, Bruning's motion asserted that the commissioner lacked the power to preside over the trial and enter a dispositional order deciding the case.

¶13 Here, Bruning's motion raised a challenge to the commissioner's authority to conduct the trial, and the County concedes that the commissioner lacked such authority. I conclude that, whatever else it may have been, Bruning's motion constituted a timely request for relief from a void judgment or order—a type of relief that is available under WIS. STAT. § 806.07(1)(d) and (2). Because the commissioner's decision was entered following a trial that the commissioner

---

[2] The circuit court cited WIS. STAT. §§ 799.207(2) and 757.69(8) when it determined that a request for de novo review was untimely. Bruning and the County take issue with that conclusion, and the County implies that there may not be a statutory deadline for a request for de novo review of a court commissioner's decision in a traffic or county ordinance case. I need not decide this issue because I resolve this case on other grounds.

did not have authority to conduct, Bruning is entitled to relief from that decision under § 806.07(1)(d).

¶14    As to the ultimate remedy here, Bruning asks this court to direct that the case be dismissed outright. However, Bruning does not cite any authority that would support the imposition of that remedy, nor does she explain why my conclusion that the commissioner's decision is void would prevent the County from pursuing its case after the record is remitted. I therefore remand this matter to the circuit court with directions to vacate the commissioner's decision. After that point, the case may proceed in whatever forum the law permits, with one caveat—if the proceedings necessitate a trial, that trial must be held in the circuit court.[3]

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] Given my conclusion that the commissioner's decision must be vacated, I need not address Bruning's other arguments about errors that, she contends, occurred in the trial before the commissioner.

6